UNITED STATES, Appellant

v

ROBERT W. FOTI, Recruit (E–1), U. S. Army, Appellee

12 USCMA 303, 30 CMR 303

No. 14,662

Decided April 21, 1961

*First Lieutenant Harvey L. Zuckman* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *First Lieutenant Carl F. Wrench.*

*Major Daniel M. O'Donoghue* argued the cause for Appellee, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *First Lieutenant Richard A. Baenen.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The instant case was forwarded to this Court for review under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, and involves an inquiry by The Judge Advocate General of the Army as to whether the board of review was correct in reassessing accused's sentence. The latter was tried by a general court-martial for larceny of $75.00, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He pleaded not guilty to the alleged offense but guilty of the lesser crime of wrongful appropriation. After a trial on the merits, he was found guilty as charged, and the convening authority approved the adjudged sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for two years. A board of review in the office of The Judge Advocate General of the Army determined the accused was prejudiced by inadequate pretrial advice to the convening authority and, to remove any possible harm, reassessed

**303**

sentence upon the basis of the entire record. In its opinion, the board of review not only mentioned curing any semblance of prejudice but went further and stated it was considering such extenuating and mitigating factors as the accused's youth, his belated realization of the seriousness of the offense, his repentance, his prior good record, and his earnest desire and potentiality for future military service.

From the foregoing statement, it is apparent that the opinion of this Court in United States v Higbie, ▆▆▆▆▆▆ ■ 12 USCMA 298, 30 CMR 298, decided this day, is dispositive of the certified question and requires affirmance of the board of review's decision. However, a few observations touching on the insufficiency of the pretrial advice are considered appropriate.

The staff judge advocate to the convening authority submitted his opinion on a form which ▆▆▆▆▆▆ ■ included the minimal requirements set out in paragraph 35c of the Manual for Courts-Martial, United States, 1951. The Government seeks to sustain it as adequate or, in the alternative, to invoke the doctrine of waiver. In view of our disposition, we need not discuss either issue but, like the board of review, we conclude the advice fell far short of serving the ends of justice. The Manual, supra, requires that a case be referred to the lowest court which can adjudge an appropriate sentence for the crime committed. See paragraph 33h at page 42. In order to aid the convening authority in that determination, facts which have a substantial effect on his decision ought to be called to his attention and thus save him the duty of going through a record with a fine tooth comb. Although in most instances furnishing the minimal information might be sufficient, for the record may not contain additional guides and, while in usual cases forms might be a convenient means to inform the convening authority, they may be snares when extraordinary circumstances are present.

Here the staff judge advocate had before him cogent facts which might have aided the convening authority immeasurably in arriving at a proper decision. These included testimony showing the offense was not aggravated; the company commander's recommendation for trial by special court-martial, his belief that the accused would become a useful soldier, and his desire to have the accused retained in his command; a psychiatrist's evaluation that the accused appeared generally motivated for further military service; the Article 32 investigating officer's recommendation that the offense be reduced to wrongful appropriation and tried by a special court-martial; and accused's explanation of his intent which impressed the pretrial investigating officer, his confession to taking the money and its immediate return, and his desire to rehabilitate himself and serve out his obligation. While obviously the convening authority is not bound by any or all of these facts, as he is authorized to use his own independent judgment as to which type of court should try the accused, it ought to be obvious that the better he is informed the more fairly and justly will he exercise his discretion.

In this connection, we do not intend to postulate rigid rules to control pretrial legal officers on their advice, but we do suggest that criminal charges should receive individualized treatment and when, as here, there are factors which would have a substantial influence on the decision of the convening authority, they should be furnished to him. We, therefore, agree with the observations of the board of review that the pretrial advice in this case is subject to criticism for being too scanty.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in the result):

I concur in the result.

I agree with my brothers' conclusion that the issue certified to this

304

Court by The Judge Advocate General of the Army is hypothetical and need not be answered. United States v Higbie, 12 USCMA 298, 30 CMR 298, this day decided. The question simply inquired:

"WAS THE BOARD OF REVIEW CORRECT IN REASSESSING THE SENTENCE ON THE GROUND THAT THE PRETRIAL ADVICE WAS INADEQUATE?"

As it is clear that the board also premised its reduction of the adjudged and approved sentence upon "the youth of the accused, his belated realization of the seriousness of his offense and his repentence [sic], his prior good record, and his earnest desire and potentiality for further military service," it is obvious that the decision reached by the board was at least partially one of appropriateness and, for that reason, may not be overturned. United States v Higbie, supra; United States v Bedgood, 12 USCMA 16, 30 CMR 16.

My brothers, however, have chosen to go beyond the point of decision and add their observations concerning the use of mimeographed forms in constructing a pretrial advice. I, therefore, add my views on the subject and, for slightly different reasons, agree with their ultimate conclusion that the convening authority's legal advisor would do well to eliminate the use of mimeographed forms and approach each case on the basis of its individual merits.

Uniform Code of Military Justice, Article 34, 10 USC § 834, provides:

"(a) Before directing the trial of any charge by general court-martial, the convening authority shall refer it to his staff judge advocate or legal officer *for consideration and advice*. The convening authority may not refer a charge to a general court-martial for trial *unless he has found* that the charge alleges an offense under this chapter and is warranted by evidence indicated in the report of investigation." [Emphasis supplied.]

The Manual for Courts-Martial, United States, 1951, adds the require-ment that the advice be in writing and that it contain findings by the staff judge advocate or legal officer concerning compliance with the provisions of Code, supra, Article 32, 10 USC § 832; whether offenses are properly alleged in the charges and specifications; and whether the evidence supports the charges. The staff judge advocate or legal officer must also make a recommendation concerning the type of court-martial to which the charges should be referred or the other disposition which should be made of them.

The legislative history of the Code makes it clear that the purpose of the pretrial advice is to inform the convening authority concerning the circumstances of a case in such a manner that he personally will be able to make an informed decision whether there has been compliance with the other pretrial procedures; whether the case should be tried; and the type of tribunal to which the charges should be referred. Hearings before House Armed Services Committee on HR 2498, 81st Congress, 1st Session, pages 909, 910, 1006–1009. As Judge Latimer noted, on behalf of the Court, in United States v Greenwalt, 6 USCMA 569, 20 CMR 285, at page 572:

". . . This is an important pretrial protection accorded to an accused, and Congress had in mind something more than adherence to an empty ritual. It placed a duty on the staff judge advocate to make an independent and informed appraisal of the evidence as a predicate for his recommendation. *His is the role of an adviser, and unless he reviews the record thoroughly and accurately, he cannot soundly advise the man who has to make the ultimate decision. Therefore, to the extent that the advice rendered by him is incomplete, ill-considered, or misleading as to any material matter, he has failed to comply with the statutory obligation which rests upon him.*" [Emphasis supplied.]

Turning to the case before us, we find that the staff judge advocate used a mimeographed form in order to pre-

sent his advice to the convening authority. By filling in appropriate blanks, he advised that officer of accused's name and organization; the fact that he was charged with theft of $75.00 on July 3, 1960; his date of birth, his length of service; the fact that he had no previous convictions; and the maximum authorized punishment for the offense. The advice also contained "boiler plate" clauses reflecting the findings required by the Code and the Manual and a recommendation for trial by general court-martial. It omitted any reference to the fact that accused's immediate commander and the investigating officer had recommended trial by special court-martial, and it did not summarize any of the evidence.

It is clear that this form and its contents alone would be insufficient in this case to advise the convening authority of all the circumstances pertinent to making an informed decision concerning the appropriate disposition of the charges against the accused.

As Judge Latimer notes, there was testimony which demonstrated that the offense was not aggravated and that the accused was worthy of further service in the armed forces. The recommendations for trial by special court-martial on the part of officers in a position most clearly to balance the considerations involved obviously would bear heavy weight with the convening authority in determining the nature of the forum before which the case should be heard. Yet, none of these factors were brought to his attention simply because the staff judge advocate chose slavishly to fill in blanks on a mimeographed form. In thus easing his task, he failed in his statutory duty to advise the convening authority, for the term "advice" obvi-

ously includes the concept of setting forth information upon which a reasoned approach to the ultimate decision may be based. Otherwise, the staff judge advocate would engage in no more than an empty ritual—something which could be performed by any clerk and which we have heretofore stated that Congress never intended. United States v Greenwalt, supra.

In sum, then, I am of the opinion that a mimeographed form similar to that used here does not fulfill the requirements of Code, supra, Article 34, inasmuch as it fails to provide the convening authority with the information and assistance necessary in order for him to perform his grave responsibility. I do not understand my brothers to disagree with me in this conclusion, although they indicate that minimal information may sometimes suffice. I prefer, however, an approach which encourages staff judge advocates fully to perform their statutory responsibility in every case in order to insure that they do not lead their commanders into a course of action which would not have been followed had all the facts been known.

In any event, the question of the sufficiency of the advice is not properly before us. United States v Higbie, supra. Thus, both my thoughts and those expressd in the principal opinion are intended merely as guideposts for the future. It is worthy of note, however, that all parties to the proceedings before us are agreed that any deficiency in the advice was cured by reduction of the sentence to one which could have been imposed by an Army special court-martial.

I concur in the affirmance of the decision of the board of review.