UNITED STATES, Appellee

v

RONALD A. BROWN, Private First Class,
U. S. Marine Corps, Appellant

13 USCMA 11, 32 CMR 11

No. 15,332

April 6, 1962

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Commander John D. Moroney,* USN.

*Major Elvin R. Coon,* USMC, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel L. W. Martin,* USMC.

## Opinion of the Court

KILDAY, Judge:

### I

Accused, tried by general court-martial in common with a fellow marine, pleaded not guilty. He was, nonetheless, convicted as charged of the offenses of attempted larceny and assault with a means likely to produce grievous bodily harm, violative of Articles 80 and 128, Uniform Code of Military Justice, 10 USC §§ 880 and 928, respectively. He was sentenced to bad-conduct discharge, total forfeitures, confinement at hard labor for eighteen months, and reduction to the grade of private. The convening authority approved the proceedings and a board of review in the office of The Judge Advocate General of the Navy affirmed the findings and sentence, except that the board reduced accused's term of imprisonment to one year. Thereafter, upon accused's petition to this Court, we granted review in order to consider two assignments of error raised by appellate defense counsel. Both involve pretrial matters, so we may properly restrict our inquiry to such facts as bear on that stage of the proceedings. Such matters as are germane will be set forth as we treat separately with each issue.

### II

In the first assertion of error it is contended accused was prejudiced by inadequate, misleading, and *pro forma* pretrial advice to the convening authority by his staff legal officer. Appellate defense counsel complain that the review, in its entirety, consisted only of some sixteen lines. Further, and among other alleged deficiencies, they assail the fact that the advice not only omitted to summarize the expected evidence, but also failed to apprise the convening authority that accused had a prior clean record; that he had been in restriction for over five months during pretrial proceedings; that accused's commanding officer and the Article 32 investigating officer both recommended trial for assault only; and that the latter suggested accused be tried by special court. In short, the defense position is that the pretrial advice here was like that in United States v Foti, 12 USCMA 303, 30 CMR 303, and, therefore, that reversal is required.

Certainly, there can be no quarrel but the convening authority is in a preferred position to take enlightened pretrial action when he is fully informed in the premises. And particularly should he be apprised of factors that may have a substantial influence on his decision. This Court so stated in *Foti,* and we reaffirm that position.

Close analysis, however, dictates the conclusion that the facts in the case at bar are poles apart from those which invoked our criticism in the *Foti* case, supra. Parenthetically it should be noted we are concerned here with a charge of error by omission, for it is undisputed that the staff legal officer was guilty of no affirmative misrepresentations. Cf. United States v Greenwalt, 6 USCMA 569, 20 CMR 285. As to the critical question, however, and although the questioned advice did indeed consist of only sixteen lines of text, we cannot justify a holding it is legally deficient. An inspection of the same leads to the conclusion that it alone did not embody the whole of the staff legal officer's pretrial recommendation. Thus the document refers to the "appended recommendation" for trial; it mentions "the report of investigation," specifications, and limits on punishment; and it concludes with the statement that the case will be referred

12

for trial if the convening authority signs the first endorsement on page 3 of the charge sheet. Manifestly, then, the officer exercising general court-martial jurisdiction did not consider a sixteen-line advice in a vacuum but, rather, it appears that the challenged advice was submitted to his superior by the staff legal officer with a file containing the items and information the defense complains the advisor omitted from the pretrial review. At the very least, it is plain the convening authority had before him the charge sheet—which contains not only the specifications alleged against accused but other information as well, including the nature and duration of pretrial restraint; the prior recommendations of pertinent officers as to disposition; and the report of investigation. Under those circumstances the defense reliance on *Foti* clearly is misplaced.

As we observed in United States v Greenwalt, supra, the review by a legal advisor is a valuable pretrial protection to an accused. Generally speaking, it assures full and fair consideration of all factors, including possible extenuating or mitigating circumstances. It augurs against precipitate or ill-considered action, or cases being ordered to trial due to inadvertence or mistake. However, for the reasons set forth above it is plain there is no fair risk that the convening authority was other than well aware of the pertinent circumstances in the case at bar. This issue, therefore, must be resolved adversely to accused.

### III

The remaining assignment involves accused's complaint that he was denied a speedy trial. The record shows that the offenses were committed on the night of July 1st and 2d 1960. The instant accused and a companion admitted their participation on July 2, and another cohort (see United States v Brown, 13 USCMA 14, 32 CMR 14, decided this date) confessed some five days later. The referral of the charges to general court-martial for trial was signed December 23, 1960, and trial commenced on January 19, 1961.

At trial, and before pleas were entered, defense counsel moved for dismissal on the grounds accused had been denied a speedy trial. After hearing evidence and argument on the matter, the law officer denied the motion, and appellate defense counsel assail his failure to grant relief as error. They assert that this case presented no difficult investigative or evidentiary situation and that the delay was, therefore, unconscionable. Accordingly, we are urged to condemn it and order the charges dismissed.

The law applicable in this area has been spelled out at some length in a number of opinions. United States v Hounshell, 7 USCMA 3, 21 CMR 129; United States v Callahan, 10 USCMA 156, 27 CMR 230; United States v Wilson, 10 USCMA 337, 27 CMR 411; United States v Wilson, 10 USCMA 398, 27 CMR 472; United States v Brown, 10 USCMA 498, 28 CMR 64; United States v Davis, 11 USCMA 410, 29 CMR 226; United States v Batson, 12 USCMA 48, 30 CMR 48; United States v Williams, 12 USCMA 81, 30 CMR 81; United States v Snook, 12 USCMA 613, 31 CMR 199. The difficulty is not so much with the principles of law involved as in applying them in the circumstances of a particular case. It is not open to question that an accused is entitled to a speedy trial. But as we have pointed out in many instances that right is relative and must be determined in light of all the circumstances. See United States v Hounshell; United States v Callahan; United States v Batson, all supra. In this area as in many others, each case turns on its own facts, and when we review the record presently before us, we must decline to accept the contention that the law officer erred in denying the motion to dismiss.

In the case at bar, after the defense had raised the issue, the prosecution fulfilled its responsibility of spreading before the law officer the full circumstances of the delay. And there is no intimation that the latter misplaced upon the defense any burden of showing prejudice. See United States v Wilson, 10 USCMA 398, 27 CMR 472;

United States v Brown, 10 USCMA 498, 28 CMR 64. Without belaboring this opinion by particularizing in detail, it would appear from the facts put before the law officer that short periods of the delay were chargeable to the defense. In the main, however, the time was consumed by correcting deficiencies in the original investigation to insure that the accused's rights were fully protected; difficulties in preparing transcripts of those proceedings; and steps incident to processing the case at the pretrial stages. While we do not wish to be understood as placing our imprimatur on the manner in which this case was handled in bringing it to trial, we cannot say, as a matter of law, that the law officer erred in his action on the motion. This record does not show any willful, purposeful, vexatious, or oppressive delay by the Government. True enough, there were brief periods of inactivity, but as was pointed out in United States v Williams, supra, such "in an otherwise active prosecution cannot be regarded as oppressive or unreasonable." 12 USCMA at page 83.

Additionally, although accused made timely assertion of his demand for speedy trial at the commencement of trial, it appears that at no time previous did he make known to any party any desire for an early hearing. Likewise, it should be noted that accused was not placed in pretrial confinement. Although he was restricted to the limits of the camp on July 6, 1960, accused was not barred from the club, theater, or other recreational activity, nor was he suspended from duty. Further, formal presentment of charges did not occur for a substantial period after the instant offenses were committed. These factors, too, militate against accused's complaint. See United States v Callahan, supra; United States v Williams, supra. There is absent from the instant case any suggestion that the delay embarrassed the accused or in any wise operated to his substantial prejudice.

Considering all the circumstances, we must reject the contention that the law officer abused his discretion in his action on the speedy trial motion. To quote again from the recent *Williams* opinion, while the steps:

". . . taken to develop the case against the accused. . . . may not have been the speediest possible, . . . the law officer was justified in concluding that in view of the circumstances they were not unreasonably slow." [12 USCMA at page 83.]

For the above stated reasons the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.