## UNITED STATES, Appellee

v

## ROBERT H. HIRT, Private, U. S. Army, Appellant

13 USCMA 420, 32 CMR 420

No. 16,000

December 28, 1962

*Captain Ronald L. Gainer* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod, Captain David M. Gill,* and *Captain Thomas Stapleton.*

*Captain Harvey L. Zuckman* argued the cause for Appellee, United States. With him on the brief was *Major Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Upon his trial by general court-martial, accused pleaded not guilty to charges of wrongful appropriation of a motor vehicle belonging to the United States, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and negligently damaging the same vehicle, in violation of Code, supra, Article 108, 10 USC § 908. He was nonetheless found guilty and sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the board of review affirmed without opinion. We granted accused's petition for review upon issues relating to the sufficiency of the pretrial advice of the staff judge advocate to the convening authority and whether the evidence *aliunde* accused's confession established a basis for admission of that statement with relation to the offense of wrongful appropriation.

### I

At the trial, defense counsel moved for appropriate relief on the basis that the staff judge advocate's pretrial advice was inadequate. He based his objection on the fact that it contained no summary of the evidence and "just . . . a certain rote recitation of facts." The law officer denied the motion, stating that he felt "this borderlines onto being barely adequate."

The document in question, included in the record as Defense Exhibit A, consists of a two-page mimeographed form which has been appropriately completed. It refers to the accused's name, rank, and organization, and commences with a notation that the staff judge advocate has "examined the attached charge(s) and Report of Inves-

tigation." It sets forth the substance of the charges against the accused, his date of birth, length of service, intelligence test score, educational background, character and efficiency ratings, recommendation of accused's unit commander, pretrial investigating officer, and major commander concerning the disposition of his case, his previous convictions, the maximum possible sentence in event of conviction, and the staff judge advocate's recommendation for trial by general court-martial. In addition, findings are made with reference to compliance with Code, supra, Article 32, 10 USC § 832; allegation of offenses in the specifications; and the sufficiency of the evidence to warrant the charging of the accused. Cf. Code, supra, Article 34, 10 USC § 834.

The advice in this case is not substantially different from that involved in United States v Brown, 13 █ USCMA 11, 32 CMR 11. In that case, we held sufficient an advice which, as here, was appended to the report of the pretrial investigation and directed the convening authority's attention to that file. Indeed, the advice in that case consisted of only sixteen lines. Here, it extended to two pages, and comprehensively covered all facets of the charged offenses and individual considerations affecting the accused. The only omission is a summary of the evidence, and, in this respect, the convening authority was fairly referred to the report of investigation for such information. On the basis of our decision in *Brown*, supra, therefore, we must conclude that the law officer properly denied the accused's motion for appropriate relief.

That we find no error on this record should not be taken, however, as indicating approval of the substitution of a reference to the report of investigation for a summary of the evidence or of the use of a mimeographed form for execution of this important function of the staff judge advocate. See United States v Foti, 12 USCMA 303, 30 CMR 303. As we stated in United States v Brown, supra, at page 13:

". . . [T]he review by a legal advisor is a valuable pretrial protection to an accused. Generally speaking, it assures full and fair consideration of all factors, including possible extenuating or mitigating circumstances. It augurs against precipitate or ill-considered action, or cases being ordered to trial due to inadvertence or mistake."

Omission of the usual summary of the evidence or reliance upon a mimeographed form may well lead to such results, although happily it did not do so here. In any event, each case involving the sufficiency of pretrial procedures must be decided in light of its attendant circumstances, and both omissions and reliance upon previously prepared forms constitute an open invitation to appeal. We, accordingly, express the hope that they will no longer be used and note with satisfaction that The Judge Advocate General of the Army has so directed. Department of the Army Pamphlet 27–101–72, Judge Advocate Legal Service, May 3, 1961, page 21.

## II

The second issue before us requires detailed examination of the evidence. We find that the transcript reflects the following circumstances.

An Airman Walsh was assigned the duty of delivering parts to the flight line at Shaw Air Force Base, South Carolina. A 1961 Chevrolet truck, belonging to the United States, was utilized for this purpose. During the early afternoon of August 7, 1961, Walsh parked this vehicle in its normal place near the flight line and left the key in its ignition. The truck was used on a twenty-four hour basis, and "about fifteen people in the section" operated it.

At approximately 9:50 p.m., on the same day, a Mrs. Perdun observed the same vehicle being driven at a high rate of speed along a street paralleling the flight line. The truck's lights were on high beam, and it was being operated on the wrong side of the road. "It started to turn around the corner . . . went into the ditch and turned over." Mrs. Perdun went into a nearby building to secure aid. She did not observe anyone leaving the truck, and no one was in it when she returned.

At approximately 9:55 p.m., the accused was picked up by a military policeman fifteen blocks from the scene of the accident. He was "in a state of shock . . . had blood on his fatigue clothing . . . had quite a bit of blood on his face . . . [and] smelled pretty strongly of alcohol." The policeman drove him to an aid station and from there to Shaw Air Force Base Hospital.

On August 8, 1961, Hirt was interviewed by criminal investigators. After proper warning under Code, supra, Article 31, 10 USC § 831, he executed a written statement in which he confessed to the offenses charged against him. Defense counsel, *inter alia*, objected to its admission in evidence on the ground that the prosecution had not introduced corroborative proof. His objection was overruled, and the statement was received in evidence.

It was stipulated by the parties that the truck involved was damaged in the amount of $150.00, and that its value was $2,154.08.

The parties before us are in agreement concerning the principles of law applicable to the question ▪ upon which we granted review, for it is well settled in military law that an accused may not be convicted upon his uncorroborated confession. United States v Smith, 13 USCMA 105, 32 CMR 105; United States v Young, 12 USCMA 211, 30 CMR 211; Manual for Courts-Martial, United States, 1951, paragraph 140a. Moreover, it is conceded—as well it might be—that corroboration of Hirt's confession must take the form of some evidence, either direct or circumstantial, that the offense of wrongful appropriation had probably been committed by someone. United States v Smith, supra; United States v Young, supra; United States v Isenberg, 2 USCMA

349, 8 CMR 149; United States v Villasenor, 6 USCMA 3, 19 CMR 129; United States v McFerrin, 11 USCMA 31, 28 CMR 255. The controversy between the Government and the accused centers around whether there is any such evidence regarding a wrongful taking of the vehicle.

The accused urges that there is in the record no evidence other than his pretrial statement from which any inference of the truck's wrongful taking may be inferred. The Government, on the other hand, argues that such inferences may be drawn from the fact that the vehicle could be driven only by "about" fifteen Air Force personnel; that, although designed to carry parts to the flight line, it was observed careening down a road parallel to the flight line; that the driver disappeared when the accident occurred; and finally, that the accused was found shortly thereafter in an injured condition.

Conceding the existence of the evidence upon which the United States relies, we must disagree ▪ with its conclusion that it tends to establish the probability that the Air Force truck was wrongfully taken by any person. In the first instance, the record is devoid of any proof of the truck's normal route in delivering parts or any testimony that it had deviated therefrom. Secondly, the record indeed establishes that its use was limited to fifteen members of Airman Walsh's section. The latter's testimony, however, also indicates that the vehicle remained on constant standby and a lapse of six or seven hours between the time Walsh parked it and the occasion on which Mrs. Perdun observed its reckless operation. There is no testimony that one of the section was not then using it, and it seems to us that, except by the contents of accused's statement,[1] the Govern-

---

[1] We are aware that the confession makes accused known as the truck's driver, and we affirm his ▪ conviction of its negligent operation. We do so, as the vehicle's use without authority is not an element of that offense. But the statement may not be used to aid in establishing the probability that the truck was being operated without au-

thority, which factor is, of course, an essential part of the offense of wrongful appropriation, for it cannot serve to corroborate itself. Manual, supra, paragraph 140a, page 291; cf. United States v LaBossiere, 13 USCMA 337, 339, 32 CMR 337, 339; United States v Mounts, 1 USCMA 114, 119, 2 CMR 20, 25.

ment failed totally to exclude the equal probability that an airman so authorized to use the truck was operating it at the time of the accident.

Nor do we believe it proper to infer from the evidence of accused's injured condition that, as the Government contends, he was connected in someway with the vehicle's upset. The proof before the court-martial indicates that he was found by the military police fifteen blocks from the scene of the accident five minutes after it occurred. In light of this testimony—in no way attacked or discredited—we are simply unable to say that the circumstance is sufficiently relevant to establish a probability that he was driving the truck.

In sum, then, as we view the proceedings, the United States in this record contented itself with establishing no more than the reckless operation of an Air Force truck, resultant damage to it, and discovery of the accused—injured and intoxicated—a few minutes later at a point some distance away. We agree with appellate defense counsel that these facts do not establish that the offense of wrongful appropriation was probably committed by someone. United States v Smith, supra; United States v Young, supra. Accordingly, the findings of guilty with respect to this offense must be set aside.

The decision of the board of review is reversed. The findings of guilty of wrongful appropriation are set aside. Charge I and its specification are ordered dismissed. United States v Smith, supra, at page 120. The record of trial is returned to The Judge Advocate General of the Army for further reference to the board, which may reassess the sentence on the basis of the remaining findings of guilty.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting) :

A conviction cannot be proved by a confession alone. There must be, in addition, independent evidence of the commission of the offense to which the accused confesses. However, the independent evidence is not required to prove the commission of the offense beyond a reasonable doubt. All that is

required is that the independent evidence establish that the offense was *probably* committed; the identity of the offender may be established by his confession. United States v Smith, 13 USCMA 105, 32 CMR 105.

The record of trial shows the following:

1. A one and one-half ton truck was assigned to the Material Control Section, which was housed in Warehouse 1500. The Warehouse was located right next to the "flight line."

2. The vehicle was used to haul "larger aircraft parts" and to transport "parts back and forth between the squadron's control section." While the meaning of this part of Airman First Class Walsh's testimony was not fully explained, it is reasonably inferable that he meant that the truck was used for "delivery [of parts from the control section] to the flight line."

3. Walsh "monitor[ed] the pickup of parts for delivery to the flight line." Only persons assigned to the control section were authorized to use the vehicle. About 2:30 p.m., after completing a "delivery . . . down to the flight line," Walsh parked the vehicle in its normal parking place behind Warehouse 1500.

4. At about 9:40 p.m., the truck was observed "driving at a high speed . . . on the wrong side of the road." It was traveling in a direction away from the warehouse area. As the driver attempted to negotiated a turn in the road, the truck capsized and came to rest in a ditch on the side of the road. At that time the truck was empty.

5. The driver left the area immediately after the accident. It may be inferred from the evidence that he did not identify himself to persons at the scene.

In my opinion, when it is shown that a truck, normally used to deliver material between a warehouse and points on a road immediately adjacent to it, was observed at night speeding away from the warehouse on the wrong side of the road; and when it is further

424

shown that the vehicle overturned as it attempted to negotiate a turn in the road, and the driver left the area without identifying himself to bystanders, the evidence is sufficient to show that the vehicle involved in the accident had probably been taken, or was being used, without authority.

I would affirm the decision of the board of review.