UNITED STATES, Appellee

v

CLARENCE A. LAWSON, Private First Class,
U. S. Army, Appellant

16 USCMA 260, 36 CMR 416

No. 19,198
June 10, 1966

*Captain Beverly B. Bates* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk, Lieutenant Colonel Jacob Hagopian,* and *Lieutenant Colonel Martin S. Drucker.*

*Captain Richard J. Andriolo* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial, convened in the Dominican Republic, convicted the accused of causing the death, by culpable negligence, of an eleven-year-old boy, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919. On this appeal, the accused contends he was prejudiced by gross inadequacies in the pretrial advice of the staff judge advocate.

A charge of homicide by culpable negligence was placed against the accused on May 28, 1965. It resulted from the accused's demonstration, to the victim's brother and others, of the

breakdown of his M-16 rifle. The demonstration took place in the victim's home. The weapon fired, and a bullet pierced the youngster's chest.

With a letter of transmittal from the accused's immediate commander, the charge was received by the Commanding Officer, 1st Battalion, 82d Airborne Division. The Battalion commander apparently exercised summary court-martial jurisdiction over the accused. He referred the charge for investigation under Article 32 of the Uniform Code, 10 USC § 832. After appropriate proceedings, including the consideration of statements by several eyewitnesses, one of which was by the victim's cousin, who described the shooting as "an accident," the investigating officer determined that negligence of only the "simplest form" was involved. He recommended the charge be reduced to negligent homicide, in violation of Article 134 of the Uniform Code, 10 USC § 934, and that the accused be tried by general court-martial. The Battalion commander forwarded the charge and the Article 32 report of investigation to the Brigade commander. His indorsement is crucial to the accused's contention. In material part, it reads as follows:

"SUBJECT: Recommendation for Court Martial

"HEADQUARTERS, 1ST BATTALION (AIRBORNE) 325TH INFANTRY, Fort Bragg, North Carolina 31 May 1965

"TO: Commanding Officer, 2nd Brigade, 82nd Abn Div, Fort Bragg, North Carolina

"1. Recommend PFC Lawson, RA 13 810 674, be tried by General Court Martial.

"2. In concurrence with the Article 32 Investigation he is charged with Negligent Homicide under Article 134 UCMJ.

"3. See attached charge sheet for charge and specification.
/s/ C M Watters
C. M. WATTERS
Lt Col, Infantry
Commanding"

Despite the Battalion commander's

indorsement, no changes were made on the charge sheet to reduce the charge from involuntary manslaughter to negligent homicide. In turn, the Brigade commander transmitted the charge sheet and allied papers to the Commanding General, 82d Airborne Division. The only comment in his letter of transmittal was, "Recommend trial by General Court-Martial." As required by Article 34 of the Uniform Code, 10 USC § 834, the Division commander referred the matter to his staff judge advocate for consideration and advice.

In due course, the staff judge advocate submitted his formal advice. He noted he had "carefully examined and considered the charges and accompanying papers." He set out the data relating to the accused and his background; fairly summarized the evidence; and noted that in his opinion the specification alleged an offense and was "warranted by the evidence indicated in the report of investigation." He did not mention or refer to the investigating officer's determination that only the "simplest form" of negligence was indicated by the evidence. He also said nothing about the investigating officer's recommendation that the charge be reduced to negligent homicide. He was similarly silent as to the Battalion commander's statement that the accused "is charged with Negligent Homicide." His only reference to the previous consideration accorded the case was in a paragraph of the advice captioned, "RECOMMENDATIONS." The paragraph is as follows:

"a. Unit Commander: Trial by general court-martial.

"b. Investigating Officer: Trial by general court-martial.

"c. Summary Court-martial Convening Authority: Trial by general court-martial.

"d. Special Court-Martial Convening Authority: Trial by general court-martial.

"e. I recommend trial by general court-martial."

On June 6, 1965, the convening au-

thority approved the advice; and on June 16, 1965, he referred the charge of involuntary manslaughter to trial by general court-martial. At trial, the accused made no motion for appropriate relief predicated upon the deficiencies of the staff judge advocate's pretrial advice.

Allegations of prejudice as the result of error in the pretrial advice have been before this Court in a number of cases. In all, we have pointed out that the advice is not a mere "formality," but an important pretrial protection for the accused. See United States v Schuller, 5 USCMA 101, 104, 107, 17 CMR 101; United States v Foti, 12 USCMA 303, 30 CMR 303; United States v Brown, 13 USCMA 11, 13, 32 CMR 11. In the *Foti* case, we pointed out that the statutory duty of the staff judge advocate contemplates that all facts which have a "substantial influence" on a convening authority's decision should be called to his attention. *Id.*, page 304. A defective advice may so prejudice a substantial right of the accused as to require corrective action on appeal from an otherwise valid conviction. United States v Schuller, supra, page 107; United States v Greenwalt, 6 USCMA 569, 20 CMR 285. In the *Greenwalt* case, for example, the staff judge advocate misstated the recommendation of the investigating officer as to the type of court-martial to which the charge should be referred. In the circumstances of the case, the misstatement was prejudicial because it was "not beyond the realm of reason to conclude that the convening authority might have accepted the investigating officer's recommendation." *Id.*, page 573.

Stressing the difference in legal training between the staff judge advocate and both the investigating officer and Battalion commander, appellate Government counsel contend there is no reasonable likelihood the convening authority might have accepted the evaluation of facts by the investigating officer and the Battalion commander in preference to the opinion of his staff judge advocate. If the point of difference had been a legal question, the argument would have substantial appeal. Basically, the issue was factual; and the ultimate conclusion as to whether the accused's negligence was culpable or simple could have depended merely upon the weight accorded particular items of evidence. See United States v Riggleman, 1 USCMA 336, 3 CMR 70; United States v Sims, 7 USCMA 88, 21 CMR 214. The accused was only eighteen years of age at the time of the incident, and his age could have been taken into account in determining the degree of his negligence. The convening authority could have accepted his staff judge advocate's opinion that the evidence was legally sufficient to support a charge of culpable negligence, yet consistently conclude that, in light of the factual determinations of the Article 32 investigating officer and Battalion commander, it was appropriate to reduce the charge to negligent homicide. Especially significant in that connection was the Battalion commander's action.

As the officer possessing summary court-martial jurisdiction over the accused, the Battalion commander had authority to reduce the charge to a lesser included offense. Article 34(b), Uniform Code of Military Justice, 10 USC § 834; Manual for Courts-Martial, United States, 1951, paragraphs 32c, 33d. If his action constituted an order to reduce the charge, the order would have been effective in all further proceedings on the charge, "[u]nless competent superior authority . . . directed otherwise." Manual for Courts-Martial, supra, paragraph 32d; United States v Dobson, 16 USCMA 236, 36 CMR 392. Cf. United States v Werthman, 5 USCMA 440, 18 CMR 64. The Government maintains that his indorsement was a mere recommendation, not an order. However, the indorsement can be fairly construed as a directive; and the transmittal of the unmodified charge sheet can fairly be viewed as an oversight. Whatever his actual intention, the Battalion commander so worded his statement that there is reasonable probability that if the convening authority had known about it, he might have decided to accede to it. It is apparent, therefore, the staff judge

**263**

advocate's pretrial advice omitted material matters which could have had a "substantial influence on the decision of the convening authority." United States v Foti, supra, page 304.

Going beyond the advice, Government counsel contend the convening authority actually had the Article 32 report and the Battalion commander's indorsement before him when he determined to refer the culpable negligence charge to trial, because they were "attached to the complete file." On that basis, they argue, the reference to trial in this case was, as in United States v Brown, supra, made with full knowledge of all significant facts. In Brown, as here, the advice did not mention that the Article 32 investigating officer and an intermediate commander had recommended that not all the charges be referred to trial, and that the latter had further recommended the charges be tried by a special rather than a general court-martial. The Brown advice in fact was very meager. In material parts it merely referred to appended matter. To understand the substance of the advice, the reader had to refer to the appendices. The latter were thus necessarily incorporated into the advice. As a result, although the staff judge advocate was derelict in his duty to save the convening authority from "going through a record with a fine tooth comb" (United States v Foti, supra, page 304), there was no real likelihood "that the convening authority was other than well aware of the pertinent circumstances in the case." United States v Brown, supra, page 13. The record in this case affords no similar assurance.

It is indeed true the staff judge advocate indicated he carefully examined and considered the charges and "accompanying papers." We assume from his statement that the papers included the Battalion commander's letter of transmittal; and, further, that all the papers were submitted to the convening authority with the advice. Still, there is a fair risk the convening authority did not give them the special attention they deserved. On the point in issue, the advice indicated that the papers contained only recommendations for trial by general court-martial. They could have been passed over by the convening authority when determining the nature of the charge to refer to trial. We conclude, therefore, that while the error in the advice is one of omission, as in Brown, rather than one of misstatement, as in Greenwalt, the omission is of so substantial a character as to make the advice fall "far short of serving the ends of justice." United States v Foti, supra, page 304.

To escape the effect of the error, Government counsel urge application of the waiver doctrine. They contend the accused waived the error by failing to move for appropriate relief at trial. As to the recommendation of the investigating officer, there is good reason to apply the doctrine. In United States v Mickel, 9 USCMA 324, 327, 26 CMR 104, we noted that the "law demands that an accused, who is aware of error in preliminary procedures, make timely objection to preserve his rights." See also United States v Mitchell, 15 USCMA 516, 36 CMR 14. The accused was represented at the Article 32 proceeding by the same counsel who represented him at trial. Inferentially, an attorney for a party at a proceeding will, in due time, inform himself of the outcome, and take such steps as are necessary to preserve the interest of his client. See United States v Dobson, supra; United States v Beatty, 10 USCMA 311, 314, 27 CMR 385. The same inference, however, cannot be drawn in regard to the action of the Battalion commander. His indorsement was addressed to the Division commander, and there is no indication defense counsel knew what it contained. The Manual for Courts-Martial, supra, paragraph 44h, provides that trial counsel "will permit the defense to examine from time to time any paper accompanying the charges." This provision by itself does not operate as notice to the accused or his counsel. Nothing in the record of trial indicates defense counsel examined trial counsel's file or that it was even made available to him; nor does it appear the accused or his counsel was otherwise aware of the

content of the indorsement. Cf. United States v Schuller, supra, page 105.

United States v Mickel, supra, which is the fulcrum on which the Government argument turns, itself indicates that the waiver doctrine will not be invoked against an accused who "does not know his rights." *Id.*, page 326. See also United States v Rodgers, 8 USCMA 226, 24 CMR 36. Thus, assuming, with Government counsel, that a reasonably prudent lawyer would have known of the investigating officer's recommendation and would have requested examination of the staff judge advocate's advice, it does not necessarily follow that he should also be expected to know of the Battalion commander's special indorsement. Had he read the advice, he would not have learned the indorsement provided that in "concurrence with the Article 32 Investigation he [the accused] *is charged with Negligent Homicide* under Article 134 UCMJ." (Emphasis supplied.) On this record, therefore, the accused cannot fairly be charged with waiver of his right to a pretrial advice giving "individualized treatment" to the "extraordinary circumstances" of the case. United States v Foti, supra, page 304.

Appellate defense counsel contend the only remedy to cure the error in the proceedings is for this Court to direct a new pretrial advice. Counsel postulate that had the convening authority been properly advised, he might have referred the case to a special court-martial. United States v Greenwalt, supra, presented such a situation; and we set aside the accused's conviction and remanded the case for new pretrial proceedings. The record in this case, however, does not support the defense thesis. All intermediate commanders, as well as the investigating officer and the staff judge advocate, recommended trial by general court-martial. The possibility that the Division commander would refer the charge to a special court-martial is, therefore, altogether too conjectural to justify the relief sought. There was, however, a reasonable likelihood that had he been properly advised, the convening authority might have referred to trial only a charge of negligent homicide. Reduction of the findings of guilty from involuntary manslaughter to negligent homicide and reassessment of the sentence will give the accused all the benefits he could possibly receive from a correct advice. We specifically recognized relief of this kind in appropriate circumstances in the *Foti* case.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for resubmission to the board of review. In its discretion, the board of review may set aside the conviction and remand the record to another competent convening authority for further proceedings under Article 34 of the Uniform Code, or it may affirm findings of guilty of negligent homicide, in violation of Article 134 of the Uniform Code, and reassess the sentence on the basis thereof.

Judges FERGUSON and KILDAY concur.