**UNITED STATES**

v.

**Donald K. MURRAY, 080 46 8960 Lance Corporal (E-3) U. S. Marine Corps.**

**NCM 75 0810.**

U. S. Navy Court of Military Review.

Sentence Adjudged 19 Dec. 1974.

Decided 31 Dec. 1975.

Appearances: LT Stephen T. Myking, JAGC, USNR, Appellate Defense Counsel LT(jg) Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

**DECISION**

PER CURIAM:

This appellant was convicted by general court-martial, military judge alone, of arson and conspiracy to commit arson in violation of Articles 126 and 81 of the Uniform Code of Military Justice, 10 U.S.C. §§ 926 and 881. On 19 December 1974 the military judge sentenced appellant to a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to pay grade E-1. The convening authority, in his action of 19 March 1975, reduced the period of confinement and forfeitures to two years and otherwise approved the sentence.

We have requested and received briefs on this issue:

WHETHER THE RECORD DISCLOSED A DENIAL OF SPEEDY DISPOSITION OF THIS CASE IN VIOLATION OF DUNLAP v. CONVENING AUTHORITY, 23 U.S.C.M.A. 135, 48 C.M.R. 751.

In *Dunlap v. Convening Authority, supra,* the Court of Military Appeals established a presumption tied to the pace of post-trial review of courts-martial:

"To paraphrase *Burton* [21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971)], 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial." 23 U.S.C.M.A. at 138, 48 C.M.R. at 754.

*See also United States v. Brewer,* 1 M.J. 233. This case presents the problem of whether the 90-day period includes the date upon which the sentence to confinement is adjudged and whether it ends on the date of the reviewing authority's action. We conclude that the day after trial is properly viewed as day "one," and that using this day as the benchmark, the reviewing authority must take his action no later than day "ninety" to avoid the *Dunlap* presumption.

In *United States v. Wrubel,* 49 C.M.R. 369 (A.F.C.M.R.1974), the Air Force Court of Military Review found "persuasive the elements of similarity between the Court's pronouncement in *Dunlap* and the 'order of Court' envisioned by Rule 28 [Computation of Time, Rules of Practice and Procedure, United States Court of Military Appeals]." This Rule provides in pertinent part:

"In computing any period of time prescribed or allowed by these Rules, by order of Court, or by any applicable statute, the day of the act, event or default after which the designated period of time begins to run is not to be included."

As one of two alternative grounds for its decision, the Air Force Court of Military Review recognized that application of the theory of Rule 28 would necessitate the exclusion of the trial day from the 90-day period. 49 C.M.R. 369, 370. Indeed, the Court of Military Appeals has excluded the date of its decision in fixing the date upon which *Dunlap's* prospective rule would take effect. *United States v. Slama,* 23 U.S.C.M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975). This method of calculation has been implicitly adopted by the Army Court of Military Review. *See United States v. Montgomery,* 50 C.M.R. 860 (A.C.M.R.1975), where that Court's description of January 14 and 15 as the 90th day and 91st day after the completion of trial on 16 October can only be the result of its denomination of 17 October as day one.

This approach is supported by the logic of the Court's language in *Dunlap.* Webster's Third New International Dictionary of the English Language Unabridged, 1971 edition, includes this relevant definition: " 'of' . . . used to indicate something from which position or reckoning is defined." Thus, the Court's phrase, "within 90 days of the date of such restraint" shows that the date of restraint is the point from which the 90-day period is reckoned. The day after this date is thus the first day. Indeed, if we were to substitute the phrase and figure "within one day" for the *Dunlap* phrase, "within 90 days," reason would demand that the reviewing authority be given the next day after the date of restraint to act. If he were to act on the same day, he would be enjoined to act "on the date of such restraint." Adding eighty-nine days to this hypothetical formulation gives the result that we have already discussed; day one is the day after the date of the imposition of restraint and the reviewing authority must act no later than day ninety. In the case *sub judice,* day ninety is 19 March 1975, the date of the action in question.

On the basis of the foregoing reasoning, we reaffirm the vitality of our conception of the passage of time for *Dunlap* purposes in *United States v. Sanders,* No. 75 0441 (N.C.M.R. 18 August 1975), *pet. denied,* No. 31,206 (U.S.C.M.A. 4 December 1975); *United States v. Carpentier,* No. 74 2752 (N.C.M.R. 17 December 1974); and *United States v. Webster,* No. 74 2184 (N.C.M.R. 23 December 1974), review granted on other grounds, No. 29,800 (U.S.C.M.A. 21 April 1975).

As we have found that the convening authority did in fact take his formal and final action within the 90-day period prescribed by *Dunlap,* the findings of guilty and the sentence as approved below are affirmed.