**UNITED STATES, Appellant,**

v.

**Renato C. MANALO, Storekeeper Second Class, U.S. Navy, Appellee.**

**No. 31,766.**

U. S. Court of Military Appeals.

July 16, 1976.

*Captain Paul H. Duvall*, USMCR, argued the cause for Appellant, Accused.

*Captain W. D. Blalock*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

OPINION OF THE COURT

PER CURIAM:

Pursuant to Article 67(b)(2) of the Uniform Code of Military Justice, 10 U.S.C. § 867(b), the Judge Advocate General of the Navy has certified two questions regarding the Court of Military Review's interpretation of the 90-day speedy review standard announced in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).[1] The first concerns whether, in computing the number of days for application of the *Dunlap* rule, the Navy court erred in counting both the first day of post-trial confinement and the day on which the convening authority promulgated his action which was the last day of pre-action, post-trial confinement. Using this computation method, the Court of Military Review concluded that 91 days of post-trial incarceration preceded the convening authority's action and hence dismissed the charges relying upon our decision in *United States v. Larsen*, 23 U.S.C.M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975).

Counsel for both parties acknowledge that the crux of the issue is whether the first day of post-trial restraint should be counted in determining if 90 days have elapsed before the convening authority takes his final action. The Government urges retention of the "24-hour clock" method of calculation under which the first day of restraint is the day after restraint is imposed. The Government correctly notes that this Court utilized this method of computation in deciding both *United States v. Driver*, 23 U.S.C.M.A. 243, 244, 49 C.M.R. 376, 377 (1974), and *United States v. Reitz*,

---

1. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974), provides that "a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial."

22 U.S.C.M.A. 584, 48 C.M.R. 178 (1974). In addition, the Government points to rule 28 of this Court's rules of practice and procedure, which adopts the "24-hour clock" method of calculation. Finally, the Government cites a well-reasoned opinion by another panel of the Navy Court of Military Review, *United States v. Murray*, 2 M.J. 1186 (1975) in which the court opined that:

> [The Government's] . . . approach is supported by the logic of the Court's language in *Dunlap*. Webster's Third New International Dictionary of the English Language Unabridged, 1971 edition, includes this relevant definition: " 'of' . . . used to indicate something from which position or reckoning is defined." Thus, the Court's phrase, "within 90 days of the date of such restraint" shows that the date of restraint is the point from which the 90-day period is reckoned. The day after this date is thus the first day. Indeed, if we were to substitute the phrase and figure "within one day" for the *Dunlap* phrase "within 90 days," reason would demand that the reviewing authority be given the next day after the date of restraint to act. If he were to act on the same day, he would be enjoined to act "on the date of such restraint." Adding eighty-nine days to this hypothetical formulation gives the result that we have already discussed; day one is the day after the date of imposition of restraint and the reviewing authority must act no later than day ninety.

To counter the Government's argument, the accused relies primarily upon Article 57(b), U.C.M.J., which provides:

> Any period of confinement included in a sentence of a court-martial begins to run *from* the date the sentence is adjudged by the court-martial. [Emphasis added.]

We are in accord with the Navy court's resolution of the question in *Murray* which adopts the well-recognized general rule that "the day of the event is to be excluded while the last day of the period is to be included." *Fogel v. Commissioner*, 203 F.2d 347, 349 (5th Cir. 1953), *citing Sheets v. Selden's Lessee*, 69 U.S. (2 Wall.) 177, 190, 17 L.Ed. 822 (1865). Even assuming Article 57's use of the word "from" mandates that both the day of sentencing and the day of release are to be counted,[2] the Code speaks only to when a court-martial sentence begins to run for purposes of computing the length of adjudged confinement and has no impact upon our decision in *Dunlap* which was phrased "within 90 days of the date of such restraint" and which addresses a matter falling outside the scope of Article 57.

Our resolution of the first specified issue makes it unnecessary to address the second issue which questions whether the Court of Military Review correctly determined that the accused had been denied a speedy review under *Dunlap*.

The decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Military Review for action not inconsistent with this opinion.

---

**2.** Article 1003, Department of the Navy Corrections Manual, SECNAVINST 1640.9, adopts such an interpretation of Article 57, Uniform

Code of Military Justice, 10 U.S.C. § 857. *See Taylor v. Brown*, 147 U.S. 640, 13 S.Ct. 549, 37 L.Ed. 313 (1893).