UNITED STATES

v.

**Ernest Joseph TRASP, 158 46 1643, Yeoman Seaman Apprentice (E-2), U. S. Navy.**

**NCM 76 1294.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Nov. 1975.

Decided 10 Dec. 1976.

CAPT Paul H. Duvall, USMCR, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before NEWTON, CRANDELL and GLADIS, JJ.

GLADIS, Judge:

Tried at a special court-martial bench trial appellant stands convicted pursuant to his pleas of fraudulent enlistment and 13 specifications alleging dishonorable failure to maintain sufficient funds in his bank account for payment of checks he had uttered, in violation of Articles 83 and 134, UCMJ, 10 U.S.C. §§ 183 and 934. He was acquitted of four other check offenses and two specifications alleging wrongful taking of letters from official mail channels in order to obstruct attempts by the Navy Exchange to notify his superior that he had written checks without sufficient funds, in violation of Article 134.

Appellant assigns the following errors:
I. THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.
II. THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY REVIEW.

We disagree and affirm.

I

Appellant contends that he was denied a speedy trial. Although appellant was neither in pretrial confinement nor subject to any form of pretrial restraint, 137 days elapsed from the date of discovery of the offenses to the date of appellant's arraignment.[1] Appellant was stationed and tried in Taiwan. The investigation of the fraudulent enlistment offense which involved concealment of a prior Army enlistment required examination of records at the Federal Records Center in St. Louis, Missouri. Much of the delay was caused by difficulties in obtaining properly authenticated documents from the Records Center.

■ The right of an accused to a speedy trial is fundamental. However, the right is relative and depends on the facts and circumstances of each case. *United States v. Brown*, 13 U.S.C.M.A. 11, 32 C.M.R. 11 (1962). *United States v. Amundson*, 48 C.M.R. 914 (N.C.M.R.1974), aff'd, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975). When pretrial confinement exceeds 90 days, a presumption arises that the accused has been denied his right to speedy trial and places on the government a heavy burden to show diligence by demonstrating that really extraordinary circumstances contributed to the delay or the charges will be dismissed. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971); *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). Although the *Burton* rule is inapplicable when pretrial confinement does not exceed 90 days this does not in anyway lessen the need for a speedy trial. *United States v. Kidd*, 1 M.J. 302 (1975); *United States v. Powell*, 2 M.J. 6 (1976). However, in the absence of any restraint, the timeliness of the pretrial proceedings is not tested by a special rule of a measured period of time but rather by the general rule which entails a functional analysis of the facts in each case to determine whether the government proceeded with reasonable diligence and without deliberate oppression of the accused. *United States v. Amundson*, 23 U.S.C.M.A. 308, at 312, 49 C.M.R. 598 at 602, citing *United States v. Sloan*, 22 U.S.C.M.A. 587, 48 C.M.R. 211 (1974).

---

1. The prosecution was prepared to go to trial upon the date of arraignment but the trial judge granted a defense continuance.

Citing *United States v. Connelly*, 39 C.M.R. 510 (A.B.R.1968), appellant argues that the delays in obtaining documents were unjustified and therefore the government did not proceed with due diligence.

■ The touchstone for measurement of compliance with the speedy trial provisions of the Uniform Code of Military Justice [2] is not constant motion but reasonable diligence in bringing the charges to trial. *United States v. Tibbs*, 15 U.S.C.M.A. 350, 35 C.M.R. 322 (1965). Government could have brought the case to trial more quickly. That could be said of most prosecutions, but that is not the test in determining whether the accused has been denied codal or constitutional rights to a speedy trial. *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973). The Government's course of conduct throughout the pretrial period clearly does not reflect a lack of concern for the codal comments for expeditious prosecution. *Cf. United States v. Powell, supra.* We find that there was no oppressive design to delay the trial and that the Government proceeded with reasonable diligence to bring appellant to trial. Therefore appellant has not been denied a speedy trial. *United States v. Brown, supra; United States v. Parish*, 17 U.S.C.M.A. 411, 38 C.M.R. 209 (1968). The first assignment of error lacks merit.

II

■ Appellant contends that he was denied his right to a speedy review of his case. The issue is whether an accused who is released on the 90th day of post-trial restraint has been denied a speedy disposition of his case when the convening authority fails to act within those 90 days.[3] The Court of Military Appeals announced the speedy disposition rule in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), stating:

"Years of experience have demonstrated the need for a guideline as to the timeliness of the convening authority's action when the accused is continued or placed in arrest or confinement after conviction by the court-martial. See Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 21d; *Reed v. Ohman*, 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969). We deem it appropriate that this guideline be the same as that applicable when the accused is in arrest or confinement before trial, as was provided in *United States v. Burton, supra* at 118, 44 C.M.R. at 172. To paraphrase *Burton*, 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. In the language of *Burton*, 'this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.' Id. See also *United States v. Marshall [supra]* . . .."

In *Marshall* the Court held that a presumption of an Article 10 violation exists when pretrial confinement exceeds 3 months.

Appellant relies on *United States v. Rumbaugh*, No. 76 0528, —— M.J. —— (N.C.M.R.

2. *See* Articles 10 and 33, UCMJ, 10 U.S.C. §§ 810 and 833.

3. Appellant was released from confinement on the 90th day of post-trial restraint. The convening authority's action was taken 2 weeks later. The sentence which included confinement at hard labor for 4 months, was announced on 17 November 1975. Appellant was transported under guard from Taiwan to Subic Bay, Republic of Philippines on 19 November 1975 and confined on the following day. By priority message the convening authority ordered his release from confinement on 12 February 1976. He was released from confinement on 17 February 1976. The convening authority's action was taken on 2 March 1976. Although it is disputed whether actual confinement commenced on 19 or 20 November 1975, we find that appellant's post-trial restraint commenced on 19 November 1975 when he was placed under guard. Using the method of computation of post-trial restraint for speedy review purposes sanctioned in *United States v. Manalo*, 1 M.J. 452 (1976), we find that the period of post-trial restraint was exactly 90 days.

26 August 1976) in which another panel of this Court found that the *Dunlap* presumption of denial of speedy disposition was triggered when the period of post-trial restraint measured exactly 90 days and the convening authority failed to act within that time frame. Appellate Government counsel cites *United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976), for the proposition that the *Dunlap* presumption is not applicable in this case.

In *Ledbetter* the issue was whether the convening authority could escape the *Dunlap* presumption by releasing the accused on the 88th day of post-trial confinement. Quoting from its opinion in *Dunlap*, the Court of Military Appeals restated the speedy disposition rule in the language which is set forth above and, quoting from the language of the Air Force Court of Review in its decision in the *Ledbetter* case, also stated:

" 'As we view the *Dunlap* mandate, it establishes a precise, mechanical rule, the invocation of which does not become effective unless and until the post-trial restraint in a case exceeds 90 days and final action has not been promulgated by the convening authority. *See United States v. Slama*, 23 U.S.C. M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975). The undisputed facts in this case show that the accused was in post-trial confinement only 88 days from the conclusion of the trial to the final action of the convening authority. Thus, the *Dunlap* rule simply does not apply here regardless of the vehicle that effected the accused's release from confinement.

. . . The fact remains that the accused was not in continuous post-trial restraint in excess of 90 days and, therefore, the *Dunlap* rule did not become operative.'

The Court at this time is unwilling to further tighten the *Dunlap* standard, as urged by appellant's counsel, thereby eliminating one of the few remaining safety valves available to those charged with the administration of military justice at the trial level.

However, when *Dunlap* forces a convening authority to release an individual from post-trial restraint, whom he believes should have remained confined, such a circumstance is an indicator of *serious* defects in that command's procedures for administering the Uniform Code of Military Justice. Where such a drastic step is necessary to avoid dismissal of the charges, a convening authority is well advised to implement curative procedures and take such other steps as are necessary to remedy the situation." *United States v. Ledbetter, supra.* [Footnote omitted].

*See also United States v. Larsen*, 23 U.S.C. M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975), in which the Court stated that the *Dunlap* presumption was triggered by confinement for over 90 days. The approach of the Court of Military Appeals and the Court of Review in *Ledbetter* is consistent with the *Dunlap* pronouncement that the Court was merely applying the *Burton* standards for pretrial processing to post-trial processing. The *Burton* standard is triggered by pretrial confinement in excess of 90 days.

 Various events may render the *Dunlap* presumption of denial of speedy disposition inapplicable in a given case. Clearly the presumption does not apply if the accused is not in post-trial restraint or if he is in post-trial restraint and the convening authority takes his action within 90 days. *Dunlap v. Convening Authority, supra.* It does not apply if the accused is released from post-trial restraint within 90 days although the convening authority does not act within 90 days. *United States v. Ledbetter, supra.* The day after the accused is placed in post-trial restraint is properly viewed as day "one", and using this day as the benchmark, the reviewing authority must take his action no later than day "ninety" to avoid the *Dunlap* presumption. *See United States v. Murray*, 2 M.J. 1186 (N.C.M.R.1975); *United States v. Manalo, supra.* Therefore if the convening authority acts on the 90th day, he acts "within" 90 days within the meaning of *Dunlap*.

Similarly if the accused is released from post-trial restraint on the ninetieth day, he is released within 90 days within the meaning of *Dunlap.*

The *Dunlap* presumption of denial of speedy disposition is inapplicable in the case *sub judice* because appellant was released from post-trial restraint within 90 days within the meaning of *Dunlap v. Convening Authority, supra. United States v. Ledbetter, supra; United States v. Manalo, supra.* Appellant was not denied his right to a speedy disposition of his case. The second assignment of error lacks merit.

Specification 1 under Charge II which was withdrawn by the convening authority after arraignment is dismissed.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge CRANDELL concur.