**UNITED STATES, Appellee,**

v.

**Calvin Lee SLAMA, Steward Seaman, United States Navy, Appellant.**

**No. 29,993.**

U. S. Court of Military Appeals.

Sept. 26, 1975.

---

*Captain Paul H. Duvall,* USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant J. W. Malley, Jr.,* JAGC, USNR, and *Lieutenant Colonel P. N. Kress,* USMC, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

Following the accused's conviction on April 16, 1974, 101 days elapsed before the convening authority took his action on July 26, 1974. Because appellant was confined continuously during this period, he now contends that reversal of his conviction and dismissal of the charge are required under the 90-day speedy review doctrine formulated in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), which took effect on July 21, 1974.

The need for a guideline to assure the timeliness of the convening authority's action when an accused either is placed in or continued in arrest or confinement following conviction by court-martial led to adoption of the following prospective rule in *Dunlap.*[1]

> [It is] appropriate that this guideline be the same as that applicable when the accused is in arrest or confinement before trial, as was provided in *United States v. Burton,* [21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971)]. To paraphrase *Burton,* 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

While there is no disagreement that the accused was confined for over 90 days and that a portion of this confinement was served after the July 21 effective date of *Dunlap,* appellate counsel as well as the Courts of Military Review have taken markedly diverse positions with respect to the applicability of the *Dunlap* rule to cases already in the review process on July 21.[2]

Appellate defense counsel urges retroactive application of the *Dunlap* standard to all cases in the military justice system on July 21 regardless of the date of completion of trial. Government counsel, on the other hand, contend that, since *Dunlap* sought to mirror the *Burton* rule, the proscriptive applicability question should be resolved in a manner which would not apply a more onerous standard in the days immediately following the decision than in a later time frame.

In the Government's view, a full 90 days to process a given case after notice of the new rule is required to be consistent with *Burton.* Thus, government counsel urge us to limit *Dunlap's* applicability to cases in which more than 90 days of post-trial confinement accumulates after July 21. *See United States v. Reyes,* 49 C.M.R. 872 (N.C. M.R. 1975). Under the defense interpretation, any period of post-trial confinement accumulated prior to July 21 would be charged against the 90-day ceiling set in *Dunlap* if the convening authority took his action after July 21. *See United States v. Wrubel,* 49 C.M.R. 369 (A.F.C.M.R. 1975).

The 30-day grace period following the *Dunlap* decision was structured to afford the services a reasonable time within which to disseminate the new speedy review standard before the July 21 date of implementation.[3] Adoption of appellant's position would transform the intended 90-day standard into at most a 30-day rule after notice of *Dunlap* for the transition period cases.[4]

---

1. *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974).

2. *Compare United States v. Perkins* (A.C. M.R., 1975) and *United States v. Reyes,* 49 C.M.R. 872 (N.C.M.R. 1975) *with United States v. Montgomery,* 50 C.M.R. 863 (A.C.M.R., 1975), *United States v. Wrubel,* 49 C.M.R. 369 (A.F.C.M.R. 1974), *and United States v. Perkins,* 49 C.M.R. 272 (A.F.C.M.R. 1974).

3. Such a grace period has been utilized previously to implement new procedures. *See, e. g.,* *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); *United States v. Rinehart,* 8 U.S.C.M.A. 402, 24 C.M.R. 212 (1957).

4. By "transition period cases" is meant those cases in which action by the convening authority had been pending for 60 days or more on the date *Dunlap v. Convening Authority, supra,* was decided.

When it is recalled that the 30-day grace period was structured to assure notice before implementation of the new rule, we believe it is unsound to interpret *Dunlap* in such a manner that convening authorities not only must be notified of the new standard within 30 days but also must act in accordance with the new guidelines retroactively.

The more reasonable construction of the *Dunlap* language is that the standard applies only to cases in which the period of post-July 21 arrest or confinement exceeds 90 days. Having served only 5 days of post-trial confinement after July 21 and prior to the convening authority's action, appellant is not entitled to the benefit of the *Dunlap* presumption. Similarly, application of the pre-*Dunlap* standard does not entitle the appellant to relief for there is no error in the record sufficient to warrant a rehearing. *United States v. Gray,* 22 U.S.C. M.A. 443, 47 C.M.R. 484 (1973); *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK and Senior Judge FERGUSON concur.