UNITED STATES

v.

Staff Sergeant Frederick V. LEDBET-TER, FR 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 432d Security Police Squadron, Thirteenth Air Force (PACAF).

ACM 21878.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 March 1975.

Decided 1 Dec. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Rex L. Fuller III.

---

## DECISION

SANDERS, Judge:

Tried by a general court-martial military judge, the accused was found guilty, contrary to his pleas, of conspiracy to commit larceny and larceny, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921. The approved sentence provides for confinement at hard labor for one year and forfeiture of $200.00 per month for 12 months.· The place of confinement was designated as the 3320th Retraining Group, Lowry Air Force Base, Colorado for immediate entry into the retraining program.

Several errors have been asserted by both trial and appellate defense counsel. These issues are determined to be adequately resolved in the post-trial review or are otherwise without merit and, with the exception of those matters set out below, do not warrant further discussion. In their brief, appellate defense counsel also moved to file a statement of the military judge to be considered in conjunction with one of the errors asserted. By majority vote, this court granted the motion and the statement was considered during our review of the case.

Among the claims of errors it is urged that:

APPELLANT WAS DENIED A SPEEDY POST–TRIAL DISPOSITION OF HIS CASE UNDER THE RULE OF DUNLAP V CONVENING AUTHORITY.

The trial of this case concluded on 8 March 1975, and the accused was immediately placed in confinement. On two different occasions, the accused submitted a request for deferment of confinement. These requests were denied by the convening authority on 17 March 1975 and 16 May 1975. However, on 4 June 1975 the convening authority "re-reviewed" the second request of the accused and approved the deferment of the service of the sentence to confinement. Thus, the accused was released from confinement 88 days following the announcement of sentence. The deferment remained in effect until rescinded at the time the convening authority took his action on 10 July 1975, some 124 days following the conclusion of trial. Pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), the post-trial review was served on defense counsel on 13 and 16 June 1975, and, following a defense request for delay, a rebuttal was submitted on 8 July 1975.

Appellate defense counsel urge that the *Dunlap* 90-day rule applies in this case and that the Government has failed to sustain the "heavy burden" to justify the delay between the sentence and final action. *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). In their

view, the convening authority's approval of the deferment of confinement upon his "re-review" of the earlier request was of no effect, since no current application for deferment was before him, and this action was merely a subterfuge to circumvent the application of the *Dunlap* rule.

Concerned with the timeliness of the convening authority's action following conviction by court-martial when an accused is in confinement, the Court of Military Appeals announced the following rule in *United States v. Dunlap*, supra:

. . . 30 days after the date of this opinion, a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

▮ As we view the *Dunlap* mandate, it establishes a precise, mechanical rule, the invocation of which does not become effective unless and until the post-trial restraint in a case exceeds 90 days and final action has not been promulgated by the convening authority. See *United States v. Slama*, 23 U.S.C.M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975). The undisputed facts in this case show that the accused was in post-trial confinement only 88 days from the conclusion of the trial to the final action of the convening authority. Thus, the *Dunlap* rule simply does not apply here regardless of the vehicle that effected the accused's release from confinement.

For purposes of the *Dunlap* rule, appellate defense counsel's challenge to the power of the convening authority to "re-review" his action in denying the second request for deferment and to grant a deferment effective 4 June 1975 is of no moment. The fact remains that the accused was not in continuous post-trial restraint in excess of 90 days and, therefore, the *Dunlap* rule did not become operative.

During oral argument appellate defense counsel indicated they were strictly relying on *Dunlap* and that absent the application of the 90 day rule, there was no specific prejudice to the accused from the post-trial delay. We have examined the record closely and fail to find any prejudicial error in the trial proceedings or that the accused was otherwise prejudiced by the delay. *United States v. Perkins*, 49 C.M.R. 272 (A.F.C.M.R.1974), and cases cited therein.

▮ The question remains: was there an effective grant of deferment on 4 June 1975 thereby postponing the running of the sentence to confinement until its later rescission on 10 July 1975? We think not. Clearly, the deferment of a sentence to confinement can be undertaken only upon application of an accused. Article 57(d), Uniform Code of Military Justice. While the convening authority is given "sole discretion" in granting a deferment and may rescind it at any time, we believe it would be an unreasonable interpretation of Article 57(d) to conclude that a request can be held in abeyance indefinitely without action or that a previously denied request can be "re-reviewed" and reversed, *sua sponte*, at a much later time. Once action is taken denying a request, we believe it then becomes the prerogative of the accused to make a new application for deferment or request a reconsideration of a previous denial. At a later date he may no longer desire to postpone the running of the sentence to confinement, and it seems to us that Article 57(d) intends to give him the option of initiating the procedure.

In a similar vein, the Army Court of Military Review held it error where a convening authority, in taking his action on a case, continued a deferment "until such time as the sentence is ordered into execution" and the accused's request for deferment was "until such time as you take final action upon the case." Finding there was no application for the continued deferment provided in the convening authority's action, the Court held it in error and credited the accused with confinement from the date of the action. *United States v. Henson*, 47 C.M.R. 696 (A.C.M.R.1973).

The error in this case can likewise be cured by crediting the accused with confinement from the date of 4 June 1975 to 10 July 1975. In this regard we note that the remaining confinement was suspended effective 8 October 1975 by General Court-Martial Order No. 214, Headquarters, Lowry Technical Training Center (ATC).

Appellate counsel also complain that

THE POST–TRIAL REVIEW IMPROPERLY INFORMED THE CONVENING AUTHORITY AS TO THE MAXIMUM PUNISHMENT.

█ On the preprinted cover sheet to the staff judge advocate's review, Item 35, it is indicated that the maximum sentence for the offenses sustained upon review included confinement at hard labor for 15 years. The military judge had determined that the maximum permissible punishment in this case included confinement at hard labor for ten years. Under such circumstances, the advice on the cover sheet was erroneous and must be tested for its prejudicial effect.

In view of the serious offenses involved and the relatively moderate sentence to confinement at hard labor, we do not find any reasonable likelihood that the convening authority was substantially influenced to the prejudice of the accused in taking his action on the sentence. *United States v. Herrera*, 45 C.M.R. 592 (A.F.C.M.R.1972), pet. denied 45 C.M.R. 928 (1972); *United States v. Ortiz*, 43 C.M.R. 682 (A.C.M.R. 1971). The sentence to confinement adjudged and approved by the convening authority was one-tenth of the maximum authorized rather than one-fifteenth, as the cover sheet indicates. We do not find this to be a substantial variance under the circumstances. See generally *United States v. DuPuis*, 48 C.M.R. 49 (A.C.M.R.1973).

The approved findings of guilty and the sentence are affirmed. The action of the convening authority purporting to defer the service of the sentence to confinement effective 4 June 1975 is without effect and for purposes of determining the confinement remaining, the accused will be credited with confinement for the period from 4 June 1975 until 10 July 1975.

ORSER, Judge, concurs. ROBERTS, Senior Judge, absent.

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), the record of trial and the decision of the United States Air Force Court of Military Review, in the above-entitled case, are forwarded for review.

2. The accused was tried by a general court-martial on 5 to 8 March 1975, at Udorn Royal Thai Air Force Base, Thailand, on one specification of conspiracy, two specifications of larceny, and two specifications of forgery. He pleaded not guilty to all charges and specifications but was convicted of the conspiracy and both larcenies, with certain substitutions as to one of the latter. He was sentenced to be confined at hard labor for one year, to forfeit $300.00 per month for 12 months, and to be reduced to the grade of sergeant. On 10 July 1975 the convening authority approved only so much of the sentence as provided for confinement at hard labor for one year and forfeiture of $200.00 per month for 12 months. The Air Force Court of Military Review on 1 December 1975 affirmed the findings and sentence, but held that "the action of the convening authority in purporting to defer the sentence to confinement effective 4 June 1975 is without effect and for purposes of determining the confinement remaining, the accused will be credited with confinement for the period from 4 June 1975 to 10 July 1975."

3. It is requested that action be taken with respect to the following issue:

"WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE ACTION OF THE CONVENING AUTHORITY TO DEFER CONFINEMENT WAS WITHOUT EFFECT AND THAT THE ACCUSED SHOULD BE CREDITED WITH CONFINEMENT

FOR THE PERIOD FROM 4 JUNE 1975 TO 10 JULY 1975?"

Receipt is hereby acknowledged of a copy of the foregoing Certificate of Review on this 9th day of December 1975.