UNITED STATES, Appellee,

v.

Charles E. BREWER, Private, U.S. Marine Corps, Appellant.

No. 30,313.

U. S. Court of Military Appeals.

Dec. 12, 1975.

*Lieutenant Alan E. Sherman*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress*, USMC, and *Lieutenant Mark D. Wigder*, JAGC, USNR, were on the pleadings for Appellee, United States.

5. Article 19, UCMJ, 10 U.S.C. § 819; paragraph 127c, MCM.

**234**

## OPINION OF THE COURT

COOK, Judge:

A special court-martial conviction which includes a sentence extending to a bad-conduct discharge that is approved by a convening authority who has no general court-martial power must also be reviewed by the officer exercising general court-martial jurisdiction over the accused. Article 65(b), Uniform Code of Military Justice, 10 U.S.C. § 865(b); Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 94*a*(3). This appeal presents a question as to the time within which the general court-martial, or supervisory, authority must promulgate his action on the record of trial in such a special court-martial.

In *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 138, 48 C.M.R. 751, 754 (1974), the Court held that when the accused is under restraint after trial, "a presumption" will arise that he was denied a speedy disposition of his case, if the convening authority "does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial." Thereafter, if the Government fails to meet the " 'heavy burden' " of overcoming the presumption, the conviction will fail, and the charge will be dismissed. The Court emphasized that the functions of the court-martial and those of the convening authority were "so connected" that for the "purpose of speedy disposition of the charges" their respective actions represented "a single stage of the proceedings against the accused." *Id.* at 137, 48 C.M.R. at 753.

A similar identity of function exists as regards a convening authority who has no general court-martial power and the general court-martial, or supervisory, authority. Article 65(b), UCMJ, 10 U.S.C. § 865(b); MCM, paragraph 94*a*(3). Their responsibilities are so integrally related that, from the standpoint of the disposition of the case at the command level, their separate actions are functional equivalents; and, necessarily, must be subject to the same presumption. Consequently, if post-trial restraint is imposed upon the accused, both must take final action on the record of trial within the 90-day period propounded in *Dunlap.*

*Dunlap* did not directly indicate that both the convening authority and the general court-martial, or supervisory, authority must act within the 90-day period. As in *Dunlap*, the interests of justice require that the determination be given only prospective effect. Accordingly, the publication date of this opinion is the effective day for determining the beginning of any 90-day period for application of the *Dunlap* rule; restraint imposed prior to this date will not be charged against the 90-day period. *Cf. United States v. Slama,* 23 U.S.C.M.A. 560, 561, 50 C.M.R. 779, 780, 1 M.J. 167, 168 (1975). Absent a presumption of prejudice, the circumstances of this case do not otherwise justify a conclusion that this accused was denied speedy disposition of the charges. Accordingly, the decision of the U.S. Navy Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

FLETCHER, Chief Judge (concurring):

Weighing what we intended in *Dunlap*[1] against what we said, I am not satisfied that the individuals responsible for implementing the *Dunlap* standard were sufficiently apprised that the supervisory authority's action fell within the purview of the rule. Thus, prospective application of the *Dunlap* standard to supervisory authority actions is appropriate. *See Daniel v. Louisiana,* 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

---

1. *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).