**UNITED STATES**

v.

**James C. STONE, 517 66 9440 Private First Class (E–2) U. S. Marine Corps.**

**NCM 75 2725.**

U. S. Navy Court of Military Review.

Sentence adjudged 20 June 1975.

Decided 31 Dec. 1975.

Appearances: LT Michael C. Barr, JAGC, USNR, Appellate Defense Counsel. CAPT W. David Blunk, USMC, Appellate Government Counsel.

## DECISION

WRAY, Judge:

Appellant was tried by general court-martial with a sentencing panel of court members. Pursuant to his pleas he was found guilty of two unauthorized absences. On 20 June 1975 the court members sentenced him to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to pay grade E–1.

In advance of trial appellant had been confined and on 20 June, after sentence was announced, he was returned to confinement. He remained incarcerated until after 18 September 1975, the date the convening authority took and promulgated his action which reduced the confinement period to nine months but otherwise approved the sentence adjudged.

Citing *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), appellant contends he has been denied a speedy review.

The United States Court of Military Appeals stated in its 21 June 1974 *Dunlap* opinion that:

" . . . *30 days after the date of this opinion*, a presumption of a denial and speedy disposition of the case will arise when the accused is continuously under restraint [arrest or confinement] after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial.

In the language of [*United States v. Burton*, 21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971),] 'this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.' *See also United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973); *Cf. United States v. Johnson*, 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974)." [Emphasis Supplied.]

The instant record contains no explanation for the delay between the date of trial and the date of the action of the convening authority. Therefore, if the convening authority did not take his action until after the 90 days allowed by *Dunlap* had expired, appellant's contention of denial of speedy review because of lack of diligence at the convening authority level would have merit.

Appellant asserts that the convening authority did not take his action until 91 days after trial. In making this assertion, appellant computes the number of days between trial and the convening authority's action by considering the date of trial, 20 June 1975, as the first day in his computation and considering 18 September 1975 as the last day to be added in his computation.

The Government takes a different position and argues that in computing the number of days from trial to action, the date of trial is subtracted from the date of the action and the resultant figure is the number of post-trial days that expired before

the action was taken. In other words, the Government rejects appellant's contention that in computing the number of post-trial days, both the day of trial and the day of the action each count as one day and asserts that only one of those two days should be counted in the computation.

Based upon the Government's analysis, the convening authority, in taking his action on 18 September did so on the 90th day after trial and the heavy *Dunlap* presumption was never applicable to this case.

We believe the Government is correct.

As indicated earlier, the United States Court of Military Appeals stated that the prospective 90-day post-trial rule was to be effective *30 days* after the date of its 21 June 1975 opinion in *Dunlap*. In *United States v. Slama*, 23 U.S.C.M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975), the Court was unequivocal in stating that the effective date of the *Dunlap* rule was *21* July 1974. Moreover, in *Slama*, the Court also stated that following Slama's 16 April 1974 conviction, 101 days had elapsed before the convening authority took his action on 26 July 1974, which the Court indicated was *only* five days of post-trial confinement after the 21 July effective date of *Dunlap*.

Accordingly, we are satisfied that the method employed by the Government in the instant case in computing post-trial *Dunlap* time is identical with the method employed by the United States Court of Military Appeals. *United States v. Slama, supra. Cf. United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974). *But see United States v. Brewer*, 1 M.J. 233 (1975).[1]

1. In *Brewer* the Court stated that in a special court-martial case which require the action of both a convening authority and a supervisory authority, those actions are functional equivalents and therefore:

"   .   .   . if post-trial restraint is imposed upon the accused, *[both]* must take final action on the record of trial within *[but the one]* 90-day period propounded in *Dunlap.*   .   .   . *[Moreover, 12 December 1975,]* the publication date of this opinion is the effective day for determining the beginning of any

Furthermore, it is consistent with earlier decisions of this Court. *See, e. g., United States v. Wilson*, No. 75 0662 (N.C.M.R. 31 October 1975); *United States v. Webster*, No. 74 2184 (N.C.M.R. 23 December 1974), *petition on other grounds denied*, No. 29,800 (U.S.C.M.A. 14 November 1975).

We therefore conclude that the instant action of the convening authority was taken and promulgated within 90 days of appellant's trial.

Contrary to appellant's contention, he has not been denied a speedy review.

The findings of guilty and the sentence as approved on review below are affirmed.

Judge LAPPIN and Judge FULTON concur.

*90-day period for [this] application of the Dunlap rule [although] restraint imposed prior to [12 December 1975] will not be charged against the 90-day period.   .   .   ." United States v. Brewer,* 1 M.J. p. 234.

Ninety days from the publication date, when that day is included in the computation, is 10 March 1976 [since 1976 is a "leap year"]. The method of computation differs from the method used earlier *only* because the Court expressly stated that the first day to be used in the computation was 12 December 1975.