## UNITED STATES

### v.

**Private First Class (E–3) Robert C. PHILPOTT, 572–94–3885 (alias, Robert L. Smith), US Army, Headquarters Company, United States Army, Fort Myer, Virginia.**

### CM 432620.

U. S. Army Court of Military Review.

Sentence Adjudged 3 June 1974.

Decided 13 Jan. 1976.

---

Appearances: Appellate counsel for the Accused: CPT Ronald Lewis Gallant, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Richard A. Kirby, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COOK, Senior Judge:

The appellant was convicted of a variety of criminal acts which constituted portions of a nefarious scheme designed to bilk money from a Navy Regional Finance Office. The sentence he received as approved by the convening authority is noted above.

Appellant was found guilty and sentenced on 3 June 1974. He entered confinement on that date and remained therein continuously for all periods relevant to this

opinion. The convening authority took his action in this case on 14 December 1974, or 195 days after the termination of the trial and the initiation of appellant's post-trial incarceration.

The decision in *United States v. Slama*, 23 U.S.C.M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975), makes it clear that this case is subject to examination under the glare of *Dunlap v. Convening Authority*.[1] In the latter case the United States Court of Military Appeals stated where the convening authority has not taken his action within 90 days a presumption arises that appellant's right to a speedy disposition of his case has been denied. Further, it stated, specifically adopting the language of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), that "this presumption [places] a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed."[2]

In adopting the *Burton* standard, the United States Court of Military Appeals also cited *United States v. Marshall*, 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). In the latter case, the United States Court of Military Appeals refined its *Burton* opinion, and in so doing it expounded ". . . that when a *Burton* violation has been raised by the defense, the Government must demonstrate that really extraordinary circumstances beyond such normal problems as . . . manpower shortages . . . contributed to the delay. . . . [T]he delay beyond 90 days cannot be justified by a showing that it was caused by difficulties usually encountered. . . ."[3] We feel the court intended the *Marshall* language to serve as a Baedeker in the application of the *Burton* rule to *Dunlap* situations.

The lone explanation for the delay proffered in this case is that the number of cases in the office was excessive for the number of available court-reporters. There is unquestionably a point at which such an explanation would meet the "diligence/extraordinary circumstances" test es-

1. 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

2. *Id.* at 23 U.S.C.M.A. 138, 48 C.M.R. 754.

3. *United States v. Marshall*, at 22 U.S.C.M.A. 435, 47 C.M.R. 413.

tablished by the *Burton* and *Marshall* cases. However, the evidence contained in the record and in the appellate affidavits, submitted for our consideration in this case, does not meet heavy burden imposed by those cases. Therefore, the sanction of dismissal of the charges is mandatory.

The findings of guilty and the sentence are set aside and the charges are dismissed.

Senior Judge BAILEY concurs.

Judge DeFORD not participating.