**UNITED STATES**

v.

**Airman Michael D. FITZGERALD, FR 371–58–9636 36th Munitions Maintenance Squadron USAF Tactical Fighter Weapons Center (TAC).**

**ACM 22043.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 9 Dec. 1975.

Decided 11 Aug. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts, III.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

EARLY, Senior Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of six specifications alleging possession and sale of heroin and marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 12 months,

6. Supra note 1.

forfeiture of $240.00 per month for one month and reduction to airman basic.

Appellate defense counsel invite our attention to 12 errors assigned by the accused in his request for appellate representation and, in addition, assert three errors. Except as discussed below, these assignments are either without merit or were adequately treated in the review of the staff judge advocate and correctly resolved against the accused.

■ In their first assignment, appellate defense counsel assert that the accused was denied speedy post-trial disposition of his case. In support thereof, they contend that the action of the convening authority deferring the remaining confinement taken on the 88th day after trial pending action on the record is improper and of no effect. We agree.

The allied papers reflect that on 6 March 1976, the convening authority deferred the confinement until action on the record of trial was taken, which occurred on 30 March 1976. There is no indication in the record that the deferment was at the request of the accused. This was error. See Manual for Courts-Martial, 1969 (Rev.), paragraph 88f; Code, supra, Article 57(d). As we held in *United States v. Ledbetter*, 1 M.J. 746 (A.F.C.M.R. 1 December 1975), certified (9 December 1975), cross-pet. granted (27 February 1976.)

> Clearly, the deferment of a sentence to confinement can be undertaken only upon application of an accused. . . . While the convening authority is given "sole discretion" in granting a deferment and may rescind it at any time, we believe it would be an unreasonable interpretation of Article 57(d) to conclude that a request can be held in abeyance indefinitely without action or that a previously denied request can be "reviewed" and reversed, *sua sponte*, at a much later time. Once action is taken denying a request, we believe it then becomes the prerogative of the accused to make a new application for deferment or request a reconsideration of a previous denial. At

a later date he may no longer desire to postpone the running of the sentence to confinement, and it seems to us that Article 57(d) intends to give him the option of initiating the procedure.

We believe that this rationale is apposite here. There was no request for deferment by the accused, and the reason for deferment was to toll the running of the 90-day rule enunciated in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). Thus, the deferment action was for the benefit of the Government, not the accused.

However, this error does not have the effect contended by appellate defense counsel, i. e., failure to toll the running of the *Dunlap* period. Whatever may have been the motive of the convening authority, the fact remains that the accused was *not* in continuous post-trial confinement in excess of 90 days, and we are not inclined to extend the application of the *Dunlap* rule beyond its existing parameters. See *United States v. Ledbetter*, supra. The net result to the accused cannot be prejudicial; he must be credited with confinement for those days he was released under the deferment. See *United States v. Henson*, 47 C.M.R. 696 (A.C.M.R.1973).

■ Although not assigned as an error, appellate government counsel rightly detect the error in possible maximum punishment considered by the military judge at trial and by the staff judge advocate in his review to the convening authority. In *United States v. Courtney*, 1 M.J. 438 (1976), the Court of Military Appeals held that in drug offenses tried under Article 134, the maximum punishment must be the same as if the offenses were alleged under Article 92 where there is a departmental regulation proscribing the same conduct. Here, both the court and the convening authority were told that the maximum punishment was a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for 55 years and reduction to the grade of airman basic. This was error. *United States v. Courtney*, supra.

The maximum period of confinement at hard labor should have been given as 12 years.

Reassessing the approved sentence in light of the decreased maximum punishment allowable and in consideration of the record as a whole, we find that the sentence is, nonetheless, appropriate.

The approved findings of guilty and the sentence are affirmed. The action of the convening authority purporting to defer the service of the sentence to confinement effective 6 March 1976 is without effect, and, for the purposes of determining the confinement remaining, the accused will be credited with confinement for the period from 6 March 1976 to 30 March 1976.

LeTARTE, Chief Judge, concurs.

FORAY, Judge, absent.