UNITED STATES

v.

Airman First Class Cecil L. HILL, Jr., FR 498–62–5127 3279th Student Squadron Air Force Military Training Center (ATC).

ACM 22023.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Nov. 1975.

Decided 14 Sept. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain David A. Bateman. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

PER CURIAM:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of rape, in violation of Article 120, 10 U.S.C. § 920, Uniform Code of Military Justice. The approved sentence extends to a dishonorable discharge, confinement at hard labor for four years and reduction to airman basic.

Appellate defense counsel invite our attention to the errors assigned by the defense counsel in his response to the review of the staff judge advocate, and, in addition, assign seven other errors. We have considered these assignments as well as those errors asserted by the accused in his request for appellate representation, and, with the exception discussed below, find them either properly resolved against the accused in the staff judge advocate's post-trial review or otherwise without merit.

Appellate defense counsel assert that the accused was denied speedy post-trial disposition of his case under the rule formulated in *Dunlap v. Convening Authority*, 23 U.S. C.M.A. 135, 48 C.M.R. 751 (1974).[1] The operative facts are that the accused was released from confinement by his squadron commander on 10 February 1976, the 89th day after trial, and was returned to confinement by order of the base commander

---

1. This case provides that "a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial."

on 20 February 1976, the day the convening authority acted upon the case. His release was ordered without application for deferment by the accused.

On 11 February 1976, the accused's counsel submitted a letter to the convening authority's staff judge advocate indicating that while the accused would comply with his commander's order, such compliance was not to be construed as acquiescence "in this obvious attempt to circumvent the clear mandate of *Dunlap v. Convening Authority.*" In his action, the convening authority did not credit the accused with confinement for the period of time the accused was released.

In *United States v. Ledbetter,* 51 C.M.R. 588, 1 M.J. 746 (A.F.C.M.R.1975), certified 9 December 1975, cross-pet. granted, (26 February 1976), and *United States v. Fitzgerald,* 2 M.J. 261 (A.F.C.M.R. 11 August 1976), we held that unless an accused submits an application for deferment of his sentence to confinement pursuant to Article 57(d), Code, supra, he must be credited with service of confinement during the period of release. However, the gist of these decisions was that "regardless of the vehicle that effected the accused's release from confinement," the *Dunlap* rule did not become operative so long as the accused was not actually in post-trial confinement in excess of 90 days. *United States v. Ledbetter,* supra.

As is readily perceived, in both *Ledbetter* and *Fitzgerald,* we spoke of the purported deferment actions in terms of error curable only by giving the accused confinement credit for the release period. But, insofar as our language imports that a commander has no authority to release a serviceman from post-trial confinement, unless an application for deferment of confinement is made by the accused, those decisions are overruled. The error exists in failing to credit the accused with confinement.

 We hereby adopt the position advanced by appellate government counsel that an accused serving a sentence to con-finement may *properly* be "temporarily set at liberty" and reincarcerated without a hearing *providing* he is credited with having served confinement during the period of release.[2] *Noyd v. Bond,* 395 U.S. 683, 691–692, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); see *Reed v. Ohman,* 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969). Implicitly, such action is appropriate to prevent the *Dunlap* presumption of denial of speedy post-trial disposition of a case from arising. *United States v. Ledbetter,* supra.

The findings of guilty and the sentence are affirmed. However, for the purpose of determining the confinement remaining, the accused will be credited with confinement for the period from 10 February 1976 until 20 February 1976.

---

2. Such credit should be affirmatively indicated in the convening authority's action.