**UNITED STATES**

v.

**Clinton Chat CAMPBELL, 206 52 1571, Fireman Recruit (E–1), U. S. Navy.**

**NCM 78 1556.**

U. S. Navy Court of Military Review.

Sentence Adjudged 12 July 1978.

Decided 19 Jan. 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and MICHEL and GRANGER, JJ.

**PER CURIAM:**

In accordance with his pleas, appellant was found guilty of one period of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and concomitantly breaking restriction in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. On 12 July 1978, the military judge sentenced appellant to be confined at hard labor for 4 months and to be discharged from the naval service with a bad-conduct discharge. On 17 August 1978, the special court-martial convening authority took his action and purported to approve and execute the sentence. Although this action was erroneous, *see* Article 71(c), Uniform Code of Military Justice, 10 U.S.C. § 871(c), it was timely. *See Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). 17 October 1978, the supervisory authority, in his action, rectified the erroneous execution attempt by the convening authority; however, this latter action was not timely. *See United States v. Brewer,* 1 M.J. 233 (C.M.A.1975).

The Government concedes that the accused was in continuous post-trial confinement from the date of trial until the date of the supervisory authority's action, a period of 97 days. *See United States v. Manalo,* 1 M.J. 452 (C.M.A.1976). There is nothing of record which indicates that the Government should be able to displace the heavy burden of proving due diligence so as to overcome the presumption of a denial of a speedy disposition of this case. *See Dunlap, supra.* No attempt to do so has even been made; the Government merely contends that the appellant has not shown in what way he has been prejudiced by the delay. This he is not required to do. *Dunlap* and *Brewer,* both *supra.* There is but one remedy for such a situation. *See Bouler v. United States,* 1 M.J. 299 (C.M.A.1976).

Accordingly, the findings of guilty and the sentence are set aside and the charges ordered dismissed.

BAUM, Senior Judge (concurring):

I must concur with the majority opinion because the Court of Military Appeals has clearly laid down the law that we must follow. In so doing, however, I feel compelled to register my disagreement with the arbitrary 90-day rule for post-trial action enunciated in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974) and *United States v. Brewer,* 1 M.J. 233 (C.M.A.1975). I believe it imperative that the Court of Military Appeals take another look at this unreasonable rule before we are forced to free more offenders who have been properly convicted, in error-free proceedings, simply because post-trial action has not been taken within 90 days. In my view, the time has come for acceptance by the majority on the Court of Military Appeals of the clear-headed dissent of Chief Judge Duncan in *Dunlap, supra.*