**UNITED STATES**

v.

**Herbert MITCHELL, 438 86 4644, Corporal (E–4) U. S. Marine Corps.**

**NCM 78 1010.**

U. S. Navy Court of Military Review.

Sentence Adjudged 1 March 1978.

Decided 30 Jan. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel assisted on appellant's brief by ENS David L. Grimord, USNR (legal intern).

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

Appellant was found guilty of numerous offenses in violation of Articles 86, 89, 90, 91, 92, 95, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 889, 890, 891, 892, 895, 921, 934. He was sentenced to be confined at hard labor for a period of 5 months, to forfeit $200.00 per month for a period of 5 months, to be reduced to pay grade E–1, and to be discharged from the Marine Corps with a bad-conduct discharge. No previous convictions were considered. The findings and sentence were approved by the convening authority with execution of the bad-conduct discharge suspended for 12 months.

Appellant's sentence was adjudged on 1 March 1978. In accordance with Article 65(b), UCMJ, 10 U.S.C. § 865(b), the record of trial was forwarded to the convening authority and the officer exercising general court-martial jurisdiction. Review by these authorities was not final until 1 June 1978, 92 days after commencement of post-trial confinement. Appellant asserts that this delay violates his right to a speedy review of his court-martial, citing *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), *United States v. Larsen*, 1 M.J. 300 (C.M.A.1975), and *United States v. Brewer*, 1 M.J. 233 (C.M.A.1975).

The Government concedes the delay alleged and acknowledges that the supervisory authority's failure to take action in this case occurred because trial defense counsel's comments on the staff judge advocate review were not received until the day before a long Memorial Day weekend. The Government contends further that, despite the 92 days of delay before the supervisory authority took his action, the review was conducted with reasonable diligence and the time taken for the supervisory authority's final review cannot be characterized as patently unreasonable in any case. Furthermore, it argues application of the *Dunlap* remedy would effectively set aside a lawful conviction and dismiss accurate charges against the appellant. The Government maintains that this is undesirable legal policy, and action should be taken immediately by this Court to re-examine the *Dunlap* rule with a view towards improving military justice in this area.

In *Dunlap v. Convening Authority, supra,* the Court of Military Appeals was confronted with a situation wherein 10 months had passed after trial before the final action of the convening authority directed a rehearing. During most, if not all, of this time, the accused was incarcerated. Considering the necessity for speedy disposition of courts-martial and the shortcomings in this regard in the military judicial system, the court formulated the rule that absent satisfaction by the Government of a heavy burden to justify the delay, dismissal of the charges is required if the accused suffers more than 90 days of continuous confinement after trial without execution of the convening authority's action. A presumption of denial of the right to a speedy review arises after 90 days of confinement. In *United States v. Brewer, supra,* this rule was extended to include the action of the supervisory authority.

It has been stated that the decision in *Dunlap* is a representative exercise of the court's power of supervision over the military judicial system. *United States v. Ledbetter,* 2 M.J. 37, 40, n.5 (C.M.A.1976); *McPhail v. United States,* 1 M.J. 457 (C.M.A.1976). Yet, the Government contends that the perception of military justice in the eyes of both the military and civilian communities can only be detrimentally affected by the remedy of dismissal in the instant case and similar cases. Nevertheless, it is conceded that dismissal may well be appropriate if it is the only remedy which will achieve the objective of the court in *Dunlap, i. e.,* the promotion of reasonably speedy reviews.

Prior to *Dunlap,* all cases, regardless of the length of confinement after trial, operated under an identical principle of speedy review. Although any delay certainly was subject to condemnation, dismissal was required only in specified circumstances:

[B]efore ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings. [citations omitted].

*United States v. Gray,* 22 U.S.C.M.A. 443, 445, 47 C.M.R. 484, 486 (1973). The burden thus fell upon the accused to show an existence of prejudice or the lack of any reason to continue the judicial process. Presently, in a case not involving the principles of *Dunlap,* the principles of *Gray* would appear to remain applicable. *See United States v. Burns,* 2 M.J. 78 (C.M.A.1976).

The interesting point concerning the principle of speedy review as found in *United States v. Gray, supra,* is that the remedy therein is tied to the basic reason for demanding a speedy review. A case is not final in the military justice system until completion of all statutorily required review. Article 76, UCMJ, 10 U.S.C. § 876. Prompt review is necessary to shorten the time that an accused must suffer the consequences of a conviction not yet final. However, if eventual review reveals no error in the proceedings which will require a setting aside of the conviction and a rehearing, the accused has not suffered unnecessarily but

instead has only experienced what would be lawfully required in any event.

The Government contends that the rule expressed in *Gray* clearly embodies these general principles and that, with some alteration, the *Gray* rule can become applicable in the *Dunlap* situation. The *Gray* rule always places the burden upon the accused to show the effect of delay in the process of review. The Government proposes that this burden be shifted upon the imposition of 90 days of continuous confinement after trial without final action of the convening authority, and supervisory authority, if required. If the accused has suffered such confinement and review reveals a rehearing to be necessary, the Government must then satisfy a heavy burden by establishing extraordinary circumstances to justify the delay in the action of the reviewing authority. Absent such satisfaction, the required rehearing will not be authorized and instead the charges will be dismissed. Any reviewing authority who does not act within the prescribed period of time is taking a serious risk as to the ultimate outcome of the case. Incentive to act quickly is surely present. Further, it is the position of the Government that the *Dunlap* remedy of automatic dismissal is not necessary to balance the scales of justice and, indeed, in such cases as the one under consideration promotes an imbalance. It submits that the modification proposed, which additionally and not coincidentally ties the remedy to the objective, will help to correct the deficiencies in the *Dunlap* rule, while still impacting greatly in a positive sense upon the goal of speedy review. It does not profess that its proposal is perfect, and utilization of the new rule may reveal defects, but this can only be determined by practical experience.

We believe the Government is to be commended for its effort to think through the problems created by the *Dunlap* and *Brewer* mandates in an effort to develop a reasonable solution to the dilemma they present. There seems to be little doubt that military lawyers find the rigid and dogmatic constrictions imposed by *Dunlap* and *Brewer* to produce unjust, and often irrational, results in many courts-martial cases. Nonetheless, as stated earlier by this Court, the Government, while eloquently urging a reevaluation of the rule in *Dunlap*, describes no unusual circumstances causing the delay, nor anything in the record to sufficiently rebut the *Dunlap* presumption. We must comply with the clear letter of the law whether we agree with it or not. This is not attributable to a kind of judicial subservience or overreliance upon the wisdom of higher authority by this Court, but results, rather, because this Court must render service to a statutorily mandated legal process based upon case law. If a change is to be made to the *Dunlap* rule, it should be made by the Court of Military Appeals—the body that brought it into being. We strongly encourage that Court to give heed to the matters raised by the Government, and what appears to be the overwhelming consensus of military jurists, and modify the *Dunlap* rule. There appears to be no legitimate reason for a rule of law to exist which can overturn a case such as this where there has been no prejudice to the accused. It is undeniable that results so achieved are rightfully considered by command personnel to be unnecessary and, in many instances, outrageous. Nor are such results fair and just to the victims of heinous crimes. Failure to correct this existing situation only serves to weaken confidence in the military justice system. Moreover, the observations of Chief Judge Cedarburg, made over 2 years ago in *United States v. Brantley*, 2 M.J. 594 (N.C.M.R. 1976), are as true today as they were then and bear repeating:

. . . The *Dunlap* rule, requiring initial action by a convening authority within 90 days of post-trial confinement, without considering the guilt of an accused, the seriousness of the offense, the absence of prejudicial error or any but "extraordinary circumstances" justifying delay, deprives us of any flexibility to balance the rightful expectation of society to be protected by its judicial system against the actual harm suffered by a convicted felon because of delays in the review of his conviction.

The merit of establishing an inelastic formula to achieve the desirable aim of speedy disposition needs to be carefully reevaluated. The present case is the latest dismissal ordered by the Navy Court of Military Review dictated by adoption of the *Dunlap* rule. Unfortunately, most of these dismissals, as in the present case, involved serious offenses in which the initial action was taken close to but not within the 90 days prescribed and in which the fairness of the trial proceedings was not seriously disputed. . . .

*Id.* at 595.

In view of the foregoing, the findings and sentence are disapproved and the charges dismissed.

Judge GREGORY and Judge GLADIS concur.