**UNITED STATES**

v.

**Paul A. SPIESMAN, 556 96 8193, Electrician's Mate Fireman Recruit (E–1), U. S. Navy.**

**NCM 79 0292.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 Nov. 1978.

Decided 12 June 1979.

LT Steven A. Curlee, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

PER CURIAM:

Pursuant to his pleas, appellant was convicted at a general court-martial bench trial of wrongful possession of hashish, assault consummated by a battery, assault with a dangerous weapon, possession of hashish with intent to distribute, larceny of marijuana, and communication of a threat, in violation of Articles 92, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, 928, 934. The sentence approved on review below provides for a bad-conduct discharge, confinement at hard labor for 9 months, and forfeiture of all pay and allowances. In a supplemental action, however, the convening authority has suspended on probation the confinement at hard labor remaining unserved as of 14 February 1979.

Appellant's sentence was adjudged on 3 November 1978. He remained in continuous post-trial confinement until the convening authority took his action on 6 February 1979, or 95 days after he commenced serving the sentence to confinement. Appellant contends that this delay violated his right to a speedy review as set forth in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). We are forced to agree.

In the recent case of *United States v. Mitchell,* 6 M.J. 851 (N.C.M.R.1979), we had occasion to express our views as to the wisdom and necessity for the *Dunlap* remedy of automatic reversal. We urged the Court of Military Appeals to examine once again the reasoning that brought about the *Dunlap* rule. We note that the Judge Advocate General of the Navy has now certified *Mitchell* to the Court of Military Appeals for review of the *Dunlap* speedy review pronouncement. *See* 6 M.J. 304 (C.M.A.1979). We hope that careful consideration will be given to the matters discussed in *Mitchell* and the need for such a rigid solution, as is mandated by *Dunlap,* to assure speedy disposition of cases on review.

The circumstances of the instant case, as was true in *Mitchell,* are resulting in the setting aside of an apparently proper and error-free conviction. Nevertheless, although we urge a reevaluation of *Dunlap,* we cannot ignore its dictates. *See United States v. Alef,* 3 M.J. 414, 416, n.4 (C.M.A. 1977); *United States v. Heflin,* 1 M.J. 131, 132, n.6 (C.M.A.1975). In *Dunlap,* the Court held that "a presumption" of denial of speedy disposition will arise if the convening authority does not promulgate his formal and final action within 90 days of the imposition of post-trial restraint, and that the Government has a "heavy burden" of overcoming this presumption. In this case, the record of trial discloses no reason for

the failure to complete review within 90 days. The trial was not complicated, and the 82-page record was authenticated 46 days after conclusion of the trial. In addition, the action of the convening authority does not indicate any "extraordinary circumstances" as reason for the delay. *See Manual of the Judge Advocate General,* section 0123g. Under the current state of military law, we see no alternative to setting aside the conviction.

Accordingly, the findings of guilty and the sentence are set aside, and the Charges are dismissed.

Senior Judge DUNBAR and Judge GREGORY and Judge GLADIS, concur.