Gregory A. VORBECK, Mess Management Specialist Seaman, U.S. Navy, Petitioner,

v.

COMMANDING OFFICER, USS PYRO (AE-24), CONVENING AUTHORITY, and the United States, Respondents.

Misc. No. 81–12.

U. S. Court of Military Appeals.

Sept. 21, 1981.

For Petitioner: *Lieutenant Commander Stephen C. Baker,* JAGC, USN (argued); *Lieutenant Commander Peter B. Haskel,* JAGC, USN; *Lieutenant Jeffrey W. Carver,* JAGC, USNR.

For Respondents: *Lieutenant J. G. Van Winkle,* JAGC, USN (argued); *Commander T. C. Watson, Jr.,* JAGC, USN.

Opinion of the Court

FLETCHER, Judge:

The petitioner, Seaman Vorbeck, filed a petition for extraordinary relief with this Court on December 12, 1980. *See* Rule 25, Rules of Practice and Procedure, United States Court of Military Appeals, 4 M.J. CXII. He sought an order from this Court directing the respondents, the United States and the Commanding Officer, USS PYRO (AE–24), to reverse his special court-martial conviction dated March 3, 1980, and dismiss the charges against him. His asserted basis for such relief was that the convening authority's action in his case had been untimely taken six months after his trial and still had not been delivered to him. He also noted that such delayed and incomplete action was clearly unacceptable in view of the 10-day goal established by the Chief of Naval Operations for a Navy convening authority to act on a special court-martial adjudging a bad-conduct discharge. NAVOP 170/80 (Oct. 1980).[1] He asserted

1. This Naval message notes that the management goals for processing courts-martial are totally independent of and have no effect upon time standards for court-martial processing which have been established by statutory or case law.

that this delay prejudiced him because his administrative discharge from the service on December 2, 1980, would hamper his ability to respond to the convening authority's action when he finally received it. Finally, he noted that he had served 3 months in confinement and 3 months extended service obligation without knowing if the convening authority formally approved his sentence. *See* Articles 60 and 64, Uniform Code of Military Justice, 10 U.S.C. §§ 860 and 864, respectively; and para. 89*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

Since that time, the petitioner filed an ancillary Motion for Other Relief with this Court on March 18, 1981. In this motion, the petitioner asserted that a supervisory authority action subsequently taken in this case on February 24, 1981, was invalid because of a failure to comply with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). *See* Article 65, UCMJ, 10 U.S.C. § 865. He asked that this action be set aside and a new action ordered or, in the alternative, that the conviction be reversed and the charges dismissed.

Finally, at oral argument on this case on June 25, 1981, the petitioner asserted for the first time that error occurred at his court-martial. He claimed that the military judge erred in refusing to remove a member from his court-martial at the request of both the Government and the defense. In view of this alleged error prejudicial to the rights of the petitioner and the unreasonable post-trial delay in this case, his counsel once again asked that, pursuant to our extraordinary relief powers, we overturn the conviction and dismiss these charges.

A brief history of the petitioner's case is necessary to understand the course of action we find appropriate to resolve these matters.

The petitioner was tried by special court-martial on March 3, 1980. In accordance with his pleas, he was found guilty of the wrongful possession, sale and transfer of methamphetamine, in violation of Article 92, UCMJ, 10 U.S.C. § 892. His adjudged sentence was a bad-conduct discharge, confinement at hard labor for 3 months, forfei-ture of $200.00 pay per month for 3 months and reduction to E–1. The petitioner had a pretrial agreement calling for suspension of any bad-conduct discharge awarded and an otherwise approved sentence not to exceed 3 months' confinement at hard labor, forfeiture of $225.00 per month for 4 months and reduction to E–1. The military judge authenticated the record of trial on May 13, 1980. Article 54, UCMJ, 10 U.S.C. § 854; and para. 83*a*, Manual, *supra.*

After this court-martial, the petitioner served his sentence at confinement in the brig at the U.S. Naval Station, Guam. Article 57(b), UCMJ, 10 U.S.C. § 857(b). He was released from confinement on May 19, 1980, after serving 77 days. At that time, the convening authority had not yet acted on his case. The petitioner was then returned to full duty status and retained at the U.S. Naval Station, Guam, awaiting administrative discharge action. At the request of petitioner, trial counsel in his case contacted the convening authority, Commanding Officer, USS PYRO, concerning the delay in his action. This communication occurred on August 25, 1980.

On September 3, 1980, this special court-martial convening authority responded by message to the trial counsel. He stated that action was taken in petitioner's case. He indicated that he approved the sentence as adjudged but suspended the bad-conduct discharge for 6 months. Articles 60, 64, *supra,* and 71(d), UCMJ, 10 U.S.C. § 871(d). Since he was apparently at sea, he stated that he would send the formal action upon arrival at the next port. Other papers filed in this case state the convening authority's action was taken on August 27, 1980. Since the discharge was approved, Article 65(b) requires that the record be forwarded "to the officer exercising general court-martial jurisdiction . . . to be reviewed in the same manner as a record of trial by general court-martial or directly to the . . . Judge Advocate General to be reviewed by a Court of Military Review." *See* Article 61, UCMJ, 10 U.S.C. § 861. *See also* paras. 84*d*, 85*a*, 91*b*(1) and 94*a*(3), Manual, *supra,* and Manual of the Judge Advocate General of the Navy (JAGMAN) 0125*b*(2). A message from U.S. Naval Station, Guam, dated Jan-

uary 15, 1981, indicates, however, that the record of trial was forwarded with suspension action on August 27, 1980, to Commander Service Group One for review under Article 65(c), UCMJ. This is not the proper statutory review required of a supervisory authority when a bad-conduct discharge has been approved, though suspended, by a convening authority. *See* Article 65(b). In any event, this action is not now included in the record of trial and its whereabouts is unknown.

On December 2, 1980, petitioner was administratively discharged from the naval service under other than honorable conditions. His conviction at the special court-martial of March 3, 1980, was considered in this administrative decision, although it was noted that the convening authority and supervisory authority actions were still pending. Around this time, petitioner signed his petition for extraordinary relief and it was subsequently filed with the Court.

On January 15, 1981, the Government notified this Court that the convening authority, because of "administrative inadvertence," had not acted in this case until January 14, 1981. The record of trial now before us indicates that the convening authority, on January 7, 1981, approved the sentence as adjudged except for the bad-conduct discharge. This record was forwarded to the supervisory authority for review under Article 65(c). *See* Article 65(b); paras. 91*b*(2) and 94*a*(2), Manual, *supra*; and JAGMAN 0125(a). On February 24, 1981, the supervisory authority, noting the different actions of the convening authori-

ty, approved the second sentence approved by the convening authority. The bad-conduct discharge adjudged by the court-martial was not approved.

We have examined the record of post-trial review in this case. To say the least, it is not a record that the military justice system can acknowledge with pride. Nevertheless, we are keenly aware of the statutory review system designed by Congress for the military justice system. We note that at the present time the petitioner's approved sentence does not extend to a bad-conduct discharge or one year's confinement. *See* Article 66(b), UCMJ, 10 U.S.C. § 866. It also is clear that this special court-martial conviction was reviewed by a judge advocate in accordance with Article 65(c). In such cases, it is the Judge Advocate General who entertains petitions for further review concerning alleged errors prejudicial to an accused's rights at court-martial. Article 69, UCMJ, 10 U.S.C. § 869. *See* para. 110*A*, Manual, *supra*, and JAGMAN 0144. We are confident that all his claims will receive full, fair, and speedy [2] consideration in the office of the Judge Advocate General of the Navy [3] in accordance with military case law and service regulations.[4] Accordingly, we dismiss this petition for extraordinary relief without prejudice to the petitioner. *Cf. McPhail v. United States*, 1 M.J. 457 (C.M.A.1976).[5]

The Petition for Extraordinary Relief is dismissed.

Chief Judge EVERETT and Judge COOK concur.

---

2. Counsel asserts that the petitioner will suffer further post-trial delay in the review of his case under Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, because the petitioner must be located to authorize such action. Review of paras. *c*(14) and *d* of section 0144 of the Manual of the Judge Advocate General of the Navy reveals this claim is without merit.

3. Defense counsel asserts that the supervisory action and the convening authority action on January 7, 1981, were taken to defeat the jurisdiction of the Navy Court of Military Review and this Court to review this case. No evidence of such an intent has been brought to our attention. All the petitioner's claims can be raised before the Judge Advocate General ap-

plying the same uniform military law as the above mentioned courts. *Cf. McPhail v. United States*, 1 M.J. 457 (C.M.A.1976).

4. *See generally United States v. Brewer*, 11 M.J. 228 (C.M.A.1981), and *United States v. Brewer*, 1 M.J. 233 (C.M.A.1975); *cf. United States v. Sawyer*, 4 M.J. 64 (C.M.A.1977); JAGMAN 0123(g) and 0125b(5) (1 July 1978); *see also* JAGINST 5800.7B, ch. 1, 22 Sept. 80, encl. 3, p. 4, item 19.

5. In *McPhail v. United States, supra*, the Judge Advocate General had already acted pursuant to Article 69, UCMJ, before this Court exercised its extraordinary relief powers.