Staff Sergeant Tyrone L. STAYTON, FR 549–41–5609, United States Air Force, Petitioner,

v.

Colonel Sam W. WESTBROOK III, and Lieutenant Colonel Ronald M. Marquette, Respondents.

Miscellaneous Docket 84–01.

U.S. Air Force Court of Military Review.

18 May 1984.

Counsel for the Accused: Captain Harold C. Manson filed a brief on behalf of the accused.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## ORDER

PER CURIAM:

▉ Petitioner, Staff Sergeant Tyrone L. Stayton, filed a petition for extraordinary relief in the nature of mandamus * with this court on 14 May 1984. He prays for an order directing the respondent convening authority to withdraw certain charges against him which had been referred to trial by special court-martial, or, in the alternative, an order directing the respondent military judge to dismiss said charges.

The factual setting pertinent to petitioner's prayer for relief follows. On 22 Feb-

ruary 1984, petitioner was offered punishment pursuant to Article 15, U.C.M.J., for the offense of being absent, without authority, from his organization from 1 February to 2 February 1984 in violation of Article 86(3), 10 U.S.C. § 886(3), U.C.M.J. On 12 March petitioner exercised his right to demand trial in lieu of Article 15 punishment. On 15 March petitioner's commander preferred charges against him for the offense for which trial was demanded. In addition, the commander preferred three other charges against petitioner alleging absences without leave in violation of Article 86(1) and 86(3), U.C.M.J. Each of these offenses was alleged to have been committed between 30 January and 1 February 1984, and, according to petitioner, facts pertinent to each were known to his commander on 22 February 1984. On 20 March all four offenses were ordered tried by special court-martial by respondent convening authority.

Trial of the charge began 30 April and petitioner moved for dismissal of those offenses which were not part of the Article 15 punishment offer. After considering petitioner's "Statement of Issue" submitted in support of his motion, the military judge denied the motion to dismiss. Further proceedings in the case have been continued for reasons unrelated to the military judge's ruling.

▉ It is clear that this Court may consider applications for extraordinary relief in those cases that may potentially come before it. *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *Vorbeck v. Commanding Officer*, 11 M.J. 480 (C.M.A. 1981). It is also clear that cases that may potentially come before us are like those referred to us by The Judge Advocate General pursuant to Articles 66(b) and 69, U.C. M.J., 10 U.S.C. § 866(b) and 869.

---

* The writ of mandamus is a drastic remedy to be invoked only in those situations which are truly extraordinary. To warrant reversal of a discretionary decision by mandamus, the "judicial decision must amount to more than even 'gross error'; it must amount 'to a judicial usurpation of power', or be 'characteristic of an erroneous practice which is likely to recur'". *United States v. LaBella*, 15 M.J. 228 (C.M.A.1983).

522

The maximum punishment imposable upon petitioner upon conviction of all the offenses charged against him would be confinement at hard labor for four months, forfeiture of two-thirds pay per month not to exceed four months, and reduction to the lowest enlisted grade. Articles 19 and 56, U.C.M.J., 10 U.S.C. §§ 819 and 856; M.C.M. 1969 (Rev.), paragraph 127c. Thus, this case is not one with the potential to come before us for appellate review. *Dettinger; Vorbeck*, both *supra;* U.C.M.J., Article 66(b). Accordingly, petitioner's Petition for Extraordinary Relief in the Nature of Mandamus is dismissed.